COMMISSIONERS OF HIGHWAYS OF THE TOWN OF OSWEGO

*v.*

THE PEOPLE *ex rel.* Walker *et al.*

*Filed at Ottawa May 14, 1881—Rehearing denied September Term, 1881.*

1. CERTIORARI—*at common law—effect of its pendency as a stay of proceedings.* A common law *certiorari* stays all proceedings in the inferior tribunal from the time of the service of the writ, unless the judgment or order has been begun to be executed.

2. MANDAMUS—*whether it will lie—discretionary.* Courts exercise a discretion in awarding the writ of *mandamus*, and will not compel an officer to do an act when there is no clear duty on his part to perform it.

3. SAME—*pending certiorari to review the proceeding out of which the supposed duty must arise.* A final order laying out a road was made by three supervisors on an appeal from an order of commissioners of highways determining not to lay out the road. Thereupon the damages from the laying out and opening of the road were assessed by a jury, before a justice of the peace. Subsequently, a judge of the circuit court awarded the common law writ of *certiorari*, to bring in review before the circuit court all these proceedings concerning the proposed road, and the writ was duly issued and served. Pending the *certiorari* proceeding, it was sought to compel, by *mandamus*, the highway commissioners to levy and certify a tax to pay the damages so assessed for opening the road, and to open the road. It was *held*, that all proceedings under the assessment of damages, or the order laying out the road, were stayed by the service of the writ of *certiorari*, so there was no clear duty on the part of the highway commissioners, pending the *certiorari* proceeding, to do the act sought to be coerced. It was, therefore, a very proper exercise of a sound discretion to deny the writ of *mandamus*.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kendall county.

Mr. CHARLES WHEATON, for the appellants.

Mr. B. F. HERRINGTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition for a *mandamus,* filed in the circuit court of Kendall county March 22, 1880, against Nathan Loucks, George Parker and Luman Morgan, commissioners of highways of the town of Oswego, in said county, to compel them to levy and certify a tax to pay for damages in opening a certain road in said town, and to open said road. A final order laying out the road was made on June 3, 1878, by three supervisors of the county, to whom an appeal had been taken from an order of the commissioners of highways of the town determining not to lay out the road.

The damages from the laying out and opening of the road were assessed by a jury before a justice of the peace, on May 23, 1878.    After the supervisors had filed their said final order with the town clerk, and in December, 1878, the commissioners of highways of the town presented to one of the judges of the circuit court of said county their petition, setting forth the proceedings that had been had relative to the road, and asking that writs of *certiorari* be issued to said justice of the peace and said supervisors, and to the town clerk of the town of Oswego, to send up complete records of all proceedings and papers in relation to the road for review, which writs were ordered by the judge, and on December 13, 1878, the petition, with the judge's order thereon, was filed in the office of the clerk of said court, and said writs were issued and served on January 3, 1879, they being returnable to the January term, 1879, of the court.

On March 22, 1880, and while said *certiorari* proceeding was still pending and undetermined, this petition for a

*mandamus* was filed in said court, to compel said commissioners of highways to levy and certify a tax for the amount of the damages so assessed for opening the road, and to open the road. To that petition the commissioners of highways filed their answer June 12, 1880, setting up, among other things, the pendency of said *certiorari* proceedings, and that the whole proceedings in relation to the road were irregular, illegal and void, stating wherein they were so. Upon hearing, the court granted a peremptory writ of *mandamus*, commanding the commissioners to levy and certify the tax, and to open the road. The commissioners appealed to the Appellate Court for the Second District, which affirmed the judgment, and they appeal to this court.

We think it a sufficient answer to the petition in this case, that *mandamus* would not lie while the *certiorari* proceedings were pending and undetermined.

It is the common law writ of *certiorari* upon which road proceedings are brought before the circuit court for review, and a common law *certiorari* stays all proceedings in the inferior tribunal from the time of the service of the writ, unless the judgment or order has been begun to be executed. *Patchin* v. *Mayor, etc.* 13 Wend. 664.

We regard, then, that proceedings under and by virtue of the assessment of damages before the justice of the peace, and of the order laying out the road made by the supervisors, were improper after the service of the writ of *certiorari*,—that all such proceedings were stayed. Hence, at the time of the filing of this petition there was no clear duty on the part of these commissioners to levy and certify a tax for such damages, and to open the road, and unless there was such plain duty at that time, *mandamus* would not lie to compel the commissioners to do said acts, and there was no ground for the petition. *The People* v. *Glann*, 70 Ill. 233; *People* v. *Trustees*, 86 id. 614.

It is answered that the pendency of the *certiorari* proceeding should have been pleaded in abatement, and could not be

otherwise availed of. But it is not the case only of a pendency of another suit for the same cause of action, as it would seem to be regarded; it is, that there was no ground for the petition, in that, at the time it was filed, there was no default of duty on the part of the commissioners in not doing the acts the *mandamus* was asked to compel them to do. Courts, too, exercise a discretion in awarding the writ of *mandamus* or not, (*People* v. *Davis*, 93 Ill. 133,) and there would be an impropriety in compelling highway commissioners by *mandamus* to raise a tax for and to open a road, when the legality and existence of the road are in review in a superior tribunal, on a direct proceeding bringing them in question. We think it would be a very proper exercise of a sound discretion to deny the writ in such a case.

The judgment of the Appellate Court is reversed, and the cause remanded to that court with directions to reverse the judgment of the circuit court, and direct that court to dismiss the petition without prejudice.

*Judgment reversed.*