SMITH *v.* AUDITOR GENERAL.

MANDAMUS—PROPRIETY OF REMEDY—DETERMINATION—PENDENCY OF OTHER ACTION.

Mandamus to compel the auditor general to vacate a certificate of error canceling a tax deed will not be granted pending relator's appeal from a decree in chancery dismissing a bill praying for the same relief, since the writ could not be granted without determining that the chancery court lacked jurisdiction to grant relief, which question can be determined in the chancery case.

Mandamus by Charles F. Smith to compel James B. Bradley, auditor general, to vacate a certificate of error.

Submitted February 28, 1908.    (Calendar No. 22,676.)
Writ denied March 17, 1908.

*Jerome E. Turner*, for relator.

*Albert G. Day* and *M. Brown*, for respondent.

CARPENTER, J.    February 7, 1907, respondent issued a
certificate of error canceling a tax deed whereby he con-
veyed to relator certain land situated in Muskegon county.
Said certificate of error was issued upon the ground that
the land was indefinitely and imperfectly described in said
tax deed.    Relator contends that said land was properly
described and asserts that respondent had no authority to
issue the certificate of error canceling the same.    Upon
this ground he commenced a suit in the circuit court for
the county of Muskegon, in chancery, to obtain a decree
compelling respondent "to cancel or recall said certificate
of error."    Respondent answered this bill.    A hearing
was had upon pleadings and proof, and a decree rendered
in the circuit court dismissing said bill of complaint.
From this decree relator appealed to this court and said
appeal is now pending therein.    After the rendition of
said decree in the circuit court, and after giving notice of
appeal to this court, relator commenced this proceeding
praying for the issuance of a writ of mandamus command-
ing respondent "to vacate said certificate of error."    And
the ground upon which relief is claimed in this case is the
same ground upon which relief is asked in the chancery
suit.    It is quite obvious that if relief can be granted relator
in the chancery suit, he is not entitled to the mandamus
applied for.    It may be said then that we cannot give re-
lator the relief prayed for in this proceeding without de-
termining that the chancery court has no jurisdiction to
grant him relief.    The question is thus raised:    Can we
appropriately determine in this proceeding the question
relating to the jurisdiction of chancery to grant relator re-
lief?    Manifestly not.    Relator, by his conduct in contin-
uing to press the chancery suit, insists upon the jurisdic-

tion of that court. We would be obviously disregarding his right, as well as the right of respondent, to have that question determined in that case if we undertake its determination now.

Moreover, there is in relator's brief no argument whatever in support of the proposition—a proposition essential to his right to obtain relief—that the chancery court lacks jurisdiction. Under these circumstances we think that relator has no right to ask us to determine in this proceeding the question relating to the jurisdiction of the chancery court. That is a question which can be determined in the suit in chancery commenced by him. If we determine it there we are more likely to determine it correctly, for we will then have the aid of arguments not now presented, and certainly this course of conduct is not unjust toward relator, for as herein indicated he cannot complain that that question shall be determined by the court whose jurisdiction he invokes. The writ of mandamus is therefore denied. This denial, however, is without prejudice to a second application should it be determined that the chancery court lacks jurisdiction to afford relief.

GRANT, C. J., and BLAIR, MONTGOMERY, and McALVAY, JJ., concurred.