(No. 24769.—

H. L. RACLIN *et al.* Appellants, *vs.* THE VILLAGE OF WIN-NETKA *et al.* Appellees.

*Opinion filed October 21, 1938.*

ROYAL J. SCHMIDT, and WILLIAM N. BRADY, for appellants.

DICKINSON, SPROWL, NORVILLE & JAMES, (FREDERICK DICKINSON, JAMES A. SPROWL, and FRANK J. DELANY, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed a petition in the circuit court of Cook county seeking a writ of *mandamus* against appellees, the village of Winnetka and the superintendent of public works of the village, directing them to issue two certain building permits to appellants for the erection of single-family residences upon certain premises owned by them in the village. This tract lies within what is known as "A" residence district, also known in this record as "One-Sixth-Acre District." The requirements of the zoning ordinance are that for each single-family residence the area shall be not less than one-sixth of an acre,—*i. e.*, 7260 square feet. The appellants' land is the north 83 feet of lots 1 and 2, and 38 feet of lot 3, in a described block, having a width of 150 feet.

The defense made is that the erection of two buildings on the appellants' tract would violate the area requirements of the zoning ordinance as each tract would have but one-half of 83 x 150 feet, or 6225 square feet, and would also violate the requirements of the ordinance concerning the depth

of backyards, which is not less than ten feet, whereas the proposed plans as offered by the appellants would provide backyards of but seven and a fraction feet. The south half of lots 1 and 2 and the 38 feet of lot 3, is a tract 82½ x 150 feet and is occupied by one single-family residence. The property involved here is located at the southwest corner of Elder lane and Mrytle street. Elder lane extends east and west and Myrtle street north and south. The house occupying the south half of these three lots faces east on Myrtle street. These proposed two buildings are to face north on Elder lane.

From the pleadings it appears that appellants' plans comply with all the building and zoning ordinances except as to the one-sixth-acre provision and as to the depth of the backyard. The further defense is made that appellants are barred by *laches* and estoppel, and by certain restricting covenants, running with the land, in the deeds of their immediate and remote grantors through which the appellants acquired title to the premises. On the hearing these deeds were introduced in evidence over appellants' objection and the argument is made here that they were incompetent as evidence for the reason that this action is not one brought by a grantor, and the restrictions were not such as the village could show on an application for *mandamus* to compel the issuance of building permits. The circuit court, on the hearing of evidence, denied the writ. This appeal followed, the trial judge having certified that the validity of an ordinance was involved and that, in his judgment, the appeal should be taken directly to this court.

The appellants say that the court erred in holding that the deeds showing covenants in the title of the appellants were competent as evidence and, also, in holding the zoning ordinance restrictions valid as to the property of the appellants.

It appears that the appellants came to the village of Winnetka in 1919. The zoning ordinance was passed in

1922 after an extended study of the situation in that residence village. Appellants live on Elder lane at the west end of the block in which the property here involved is located. In 1929 appellants purchased the property which they now seek to build upon, from Henry M. and Winnifred Henriksen. By the terms of their deed the property was conveyed subject to certain restrictions, among which are the following: "(1) Zoning and building laws and ordinances and building line restrictions and building restrictions and covenants and restrictions of record. (2) Covenants and restrictions contained in deed from George W. Maher and wife to Benedict F. Zimmer, dated July 27, 1914, * * * relating to the use, number, cost and location of buildings to be erected upon said premises. (3) As a part of the consideration the grantees hereby covenant and agree as a covenant running with the land that only one residence shall and may be located upon or stand upon the premises herein and hereby conveyed at any one time."

The deed of Maher to Zimmer referred to in the covenant of appellants' deed from their immediate grantors, conveyed all of lots 1 and 2 and all of the east 38 feet of lot 3. The deed from the Henriksens to appellants conveyed the north 83 feet of the tract conveyed by the Maher deed. The restrictions in the Maher deed are as follows: "Party of the second part in consideration of the execution of this deed does hereby, covenant and agree that the premises hereby conveyed shall be used solely for the purposes of single private residence and that not more than two (2) such private residences shall be erected upon said premises, and that one (1) of such residences, being the residence to be erected upon the easterly portion of said premises, shall cost not less than seventy-five hundred ($7500.00) dollars, and that the erection of the same shall commence on or before the 15th day of March, A. D. 1915." This restrictive covenant was later modified by the grantor and grantee by increasing the cost of such residence from $7500 to $10,000.

Appellants' property is, as we have seen, the north one-half of the premises conveyed by the Maher deed.

The Maher deed to Zimmer also contained the following restrictive covenant: "Party of the second part further covenants and agrees that no building or obstruction of any kind shall be suffered or maintained upon the west 12 feet of the premises hereinbefore described, and that no building shall be erected upon said premises, the front wall of which is nearer to the south line of Elder lane than the front wall of the building situate to the west of the premises hereinbefore described, * * * and it is further understood and agreed that these covenants shall extend to and be binding upon the respective heirs, executors, administrators and assigns of the parties hereto, and shall be taken and construed as covenants running with the land herein described." The record shows that the houses west of these premises, on the south side of Elder lane, have a set-back building line of 49 feet.

During the hearing in this cause appellants procured from their immediate grantors an instrument by which they, the Henriksens, recited that they desired to release the premises from the covenant requiring but one house on the premises deeded to the appellants. It will be recalled that appellants took their property subject to certain other restrictions, such as the zoning ordinances, cost and location of buildings on the premises, and covenants in the Maher deed, as have hereinbefore been enumerated, which the instrument of the Henriksens did not attempt to release.

The first question presented by this record is whether the deeds affecting appellants' title to the premises and containing the restrictions herein referred to, were competent in evidence, and if so, what effect, if any, they have upon the right of the appellants to the writ of *mandamus*. In zoning cases previously before this court, covenants placing restrictions upon property have been considered in de-

termining the reasonableness of the zoning ordinances involved. In the case of *Minkus* v. *Pond,* 326 Ill. 467, attention is called to the fact that the lots of the subdivision in which the complaining property-owners' holdings were situated were restricted by covenants in their deed, and that it was clear that these restrictions were considered by the zoning commission in making the recommendation. That such restriction covenants are competent to be considered in a case of this character has also been held in *Forbes* v. *Hubbard,* 348 Ill. 166. The deeds were, therefore, competent in evidence for that purpose. They were competent also for another reason. This is an action by which appellants seek the peremptory writ of *mandamus.* It is so well settled in this State as to require no citation of authority, that the petitioner seeking a writ of *mandamus* must show a clear right to the writ, and that, where serious consequences will result, the court may exercise discretion in granting or refusing the writ. (*Parrish* v. *Miller,* 336 Ill. 630; *Kenneally* v. *City of Chicago,* 220 id. 485; *Illinois Watch Case Co.* v. *Pearson,* 140 id. 423.) Applying this rule to the record in this case, it will be seen that by the covenants of restriction in appellants' deed, to which they bound themselves by acceptance of the deed, they became bound by the restrictions contained in the Maher deed to Zimmer, which related to the number of buildings which could be erected on the premises, and the cost and location thereof. They further accepted the property subject to the limitations and restrictions of "zoning and building laws and ordinances and building line restrictions and building restrictions and covenants and restrictions of record." These were expressly made covenants running with the land. Clearly, they can scarcely show a right to the peremptory writ of *mandamus* to compel the issuance of a permit for the purpose of doing that which they covenanted should not be done.

Counsel for appellants say that while it may be that the original grantors or other parties interested might prohibit the erection of these buildings, that question is not in the case, and does not give the village a right to raise that point. However, as indicated herein, since appellants must, if they procure the writ at all, show a clear right to it, and as evidence in the record shows they do not have that right, they cannot complain if the writ is not awarded. But, counsel for appellants also say, they have a release from their grantors as to the number of buildings they may erect on this tract. A release of the Henriksens can amount to no more than an agreement on their part that they would not prosecute an injunction to restrain building two houses on the premises. Obviously the Henriksens cannot release the covenants and limitations of the Maher deed to Zimmer, appearing earlier in the chain of title, as such covenants were binding upon them and one has no power to release his own obligation. These deeds were competent in evidence and showed, also, that appellants have no right to the writ. This being true, it becomes unnecessary to consider the question of the reasonableness of the ordinance.

The circuit court was right in dismissing the petition, and its judgment is affirmed.

*Judgment affirmed.*