(No. 28607.—

The People *ex rel.* Thomas Harrison *et al.,* Petitioners,
*vs.* Edward J. Kelly, Mayor, *et al.,* Respondents.

*Opinion filed September 19, 1945.*

Wilson, J., dissenting.

Kirkland, Fleming, Green, Martin & Ellis, and
Michael F. Ryan, (Weymouth ·Kirkland, Howard
Ellis, Walter E. Tinsley, John M. O'Connor, Jr.,
Martin S. Gerber, Isadore Goldstein, Stephen A.
Love, and John F. Cusack, of counsel,) all of Chicago,
for petitioners.

Barnet Hodes, Corporation Counsel, (J. Herzl Segal,
Fred V. MaGuire, Carl H. Lundquist, and L. Louis
Karton, of counsel,) all of Chicago, for respondents.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an original *mandamus* action instituted by relators, who were, prior to June 16, 1944, members of the department of police of the city of Chicago. Six of them were captains of police and the other a lieutenant. They were on the classified civil service, holding their respective positions under the civil service law which provides for civil service selection of certain city employees. (Ill. Rev. Stat. 1943, chap. 24½, par. 39, sec. 1, *et seq.*) Shortly before June 16, 1944, petitions were filed with the Civil Service Commission charging each of the petitioners herein with having violated certain rules and regulations. Hearings were had and on said date of June 16, the commission entered an order finding petitioners guilty as charged and directing the commissioner of police to remove them from their respective positions. Their names were removed from the classified service roster and the payroll. Thereafter petitioners procured writs of *certiorari* to be issued out of the superior court of Cook county directing the commissioners to certify the record to said court. After a hearing, the court quashed the records in each case. An appeal was perfected in each case to the Appellate Court, where the several causes were pending when petitioners obtained leave to file their petition for *mandamus* in this action.

This action is against the mayor of Chicago, the city's commissioner of police, its comptroller, treasurer and members of the Civil Service Commission. The substance of the prayer is that said officials be commanded to recognize petitioners as being in the classified service for the positions they formerly held; that the commissioner of police be commanded to reassign them to duty; that their names be restored to the roster and pay rolls and that each be paid the regular salary he would have received from June 16, 1944, the same as though the order of removal entered by the commission on that date had not been entered. The

prayer is that commands of such writ be continued to such time as they retire or are removed as provided by law. No questions are raised as to the sufficiency of an appropriation for such purpose or that the vacancies created by petitioner's removal have been filled by other appointments and that such appointees have been paid.

The specific question is as to whether petitioners are entitled to a writ of *mandamus* for the purposes prayed, notwithstanding the fact that the judgments of the superior court quashing the record of the commission are pending on an appeal. Petitioners contend that such judgments were self-executing; that when the records of the commission ordering their discharge were quashed, nothing remained to be done to carry the judgments into effect. They invoke the doctrine generally applicable to self-executing judgments that appeal bonds or *supersedeas* bonds will not suspend the operation of such a judgment. Cases which support such general proposition are, *People ex rel. Dibelka* v. *Reinberg,* 263 Ill. 536; *Barnes & Co.* v. *Typographical Union,* 232 Ill. 402. Respondents, appealing from the *certiorari* proceedings, applied to the Appellate Court for a *supersedeas,* but it was denied. The propriety of such action cannot be considered in this case.

*Mandamus* is not a writ of right but is to be awarded or refused in the exercise of judicial discretion. Such discretion, however, is not an arbitrary one, but must be exercised according to legal principles. Ordinarily, if a petitioner has a legal right, he is entitled to the writ, but the mere presence of the petitioner's right may not furnish a basis for its issuance. In the exercise of its discretion, the court looks to existing facts and views the whole case with due regard to the consequences of its action. (*People* v. *Ketchum,* 72 Ill. 212.) In *People ex rel. Stettauer* v. *Olsen,* 215 Ill. 620, it was said: "When a writ of *mandamus* is asked the court may inquire whether it will operate impartially, create confusion and disorder, and whether

it will or will not promote substantial justice. Courts, in the exercise of the discretion with which they are vested, may, in view of the consequences attendant on the issuing of a writ of *mandamus*, refuse the writ, though the petitioner has a clear legal right for which *mandamus* is a proper remedy." See, also, *Michigan-Grand Building Corp.* v. *Barrett*, 350 Ill. 291; *People ex rel. Lyle* v. *City of Chicago*, 360 Ill. 25.

The consequences which would attend the issuance of a writ in a case such as this are obvious. It would in effect be a predetermination of an issue which at least is indirectly involved in the *certiorari* proceedings now on appeal, that is the right of petitioners to continue in their positions as classified civil service appointees and receive their salaries therefor. If the judgments of the superior court are not sustained on appeal, then the orders of dismissal from the service as ordered by the commission would be in full force and effect, and petitioners would not be entitled to their salaries for any period of time following June 16, 1944. On the other hand, if the judgments quashing the records are affirmed, petitioners would be entitled to reinstatement and to receive their salaries from the date of their wrongful dismissal. The rights of petitioners to such pay would not be jeopardized by delay brought about by the appeal.

Petitioners urge that the withholding of their pay until the appeal has been terminated is accompanied with dire results. It is said that city officials could prolong the reinstatement and payment of a civil service employee indefinitely by frivolous appeals. There is no charge that the appeals to the Appellate Court have not been diligently prosecuted, or that the commissioners and others interested in such appeals have employed delaying tactics. It need not be determined in this case what influences should be given such practices when found to exist. It is sufficient to note that the suggestion of the possibility of such pro-

cedure being employed to such ends does not warrant the giving of it any weight in this case.

Petitioners contend that *People ex rel. McDonnell* v. *Thompson*, 316 Ill. 11, is controlling. The difference in the facts makes for the difference in the conclusions. When application was made in the *Thompson case* for leave to file a petition for a writ of *mandamus*, the facts were substantially the same as the facts are in this case. However, after the *Thompson case* was docketed, a stipulation was filed stating that petitioner had been restored to his former position and assigned to duty. An appeal had been taken from the *certiorari* judgment but the stipulation indicated that the Appellate Court had either affirmed the judgment quashing the record, or that the appellants had abandoned their appeal after the stipulation was filed. The matter was not pending on appeal and relator's right to his position had been settled. The stipulation was that this court should retain the cause only for the purpose of determining the question of the relator's right to compensation for the period during which he was deprived of and excluded from his office or position. What was said in the opinion should be considered in the light of the issue submitted for judicial determination.

In *Commissioners of Highways* v. *People ex rel. Walker*, 99 Ill. 587, the supervisor and other town officers had taken certain final steps in the opening of a road. Damages were to be assessed. A *certiorari* writ was issued out of the circuit court for an examination of the road records of the town officers. While it was pending, an application was made for a writ of *mandamus* to command the commissioners of highways to levy and certify a tax for the amount of damages assessed for the opening of the road. In denying the writ it was said: "Courts, too, exercise a discretion in awarding the writ of *mandamus* or not, (*People ex rel. Hillard* v. *Davis*, 93 Ill. 133,) and there would be an impropriety in compelling highway

commissioners by *mandamus* to raise a tax for and to open a road, when the legality and existence of the road are in review in a superior tribunal, on a direct proceeding bringing them in question. We think it would be a very proper exercise of a sound discretion to deny the writ in such a case."

Courts of other jurisdictions have likewise refused to award a writ of *mandamus* where to do so would directly affect the course of a proceeding then pending in another court. *State ex rel. Keller* v. *Waite,* 70 Ohio 149, 71 N. E. 286; *Smith* v. *Auditor General,* 151 Mich. 622, 115 N. W. 735; *Smith* v. *Jones,* 128 Cal. 14, 60 Pac. 466.

For the reasons assigned, the writ of *mandamus* will be denied.

*Writ denied.*

Mr. JUSTICE WILSON, dissenting.