(No. 35384.—■■■■■■■■■■)

MAXWELL KUNIN, Appellee, *vs.* FORMAN REALTY CORPORATION *et al.,* Appellants.

*Opinion filed November 18, 1959.*

544

PEABODY, WESTBROOK, WATSON & STEPHENSON, of Chicago, (EDWARD L. BARSUMIAN, and LOWELL H. JACOBSON, of counsel,) for appellant Forman Realty Corporation, and FRIEDLUND, LEVIN & FRIEDLUND, of Chicago, (ELMER M. LEESMAN, of counsel,) for appellant Arthur M. Wirtz.

ROTHBERT & ROSENFIELD, of Chicago, (J. M. ROSENFIELD, of counsel,) for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:.

Maxwell Kunin, a director of Forman Realty Corporation, instituted this action for a writ of *mandamus* to compel the corporation and its president, Arthur M. Wirtz, to give him copies of two annual audit reports of the operations of the corporation. The defendants' answers admitted the plaintiff's right to examine and make copies of the reports, but denied that he was entitled to receive a copy of them. The plaintiff offered evidence tending to show the size of the reports and their detailed nature, as well as the number of copies of each that the corporation had in its possession. At the conclusion of the plaintiff's case, the circuit court of Cook County denied the writ, holding that a director has no legal right to demand such documents from a corporation.

The Appellate Court reversed this holding, remanded the cause, and directed the circuit court to order the defendants to deliver copies of the audit reports to the plaintiff. (*Kunin* v. *Forman Realty Corp.* 21 Ill. App. 2d 221.)

The defendants sought leave to appeal, which was denied. They also filed this appeal as a matter of right, upon the ground that a constitutional question arose for the first time in the Appellate Court. Ill. Rev. Stat. 1959, chap. 110, pars. 74(3) and 75(1); *People ex rel. Hafer* v. *Flynn,* 13 Ill.2d 368; *Bradford Supply Co.* v. *Waite,* 392 Ill. 318.

To sustain the jurisdiction of this court, the defendants contend that the Appellate Court exceeded the boundaries of its constitutionally prescribed jurisdiction and deprived the defendants of a fair hearing by directing the trial court to issue a writ of *mandamus* instead of remanding the cause for further proceedings. They argue first that because the trial judge found the plaintiff's case insufficient as a matter of law and immediately ruled for the defendants, they were precluded from offering evidence in support of the allegations of their answers relating to the plaintiff's bad faith and improper motives. The factual issues raised by these allegations, they assert, could properly be resolved only by the trial court and only after they were permitted to present evidence.

The short answer to this contention is that the defendants' answers contain no affirmative defense based on the plaintiff's bad faith and improper motives which could have remained for decision after the Appellate Court's holding on the basic legal issue of the director's right to receive one of the available copies of the audit reports of his company. On the contrary, both answers admit that the plaintiff is entitled to inspect, examine, study and copy the documents. These admissions are inconsistent with an intention to challenge the plaintiff's purposes and intentions.

The defendants point to that portion of the answers of the corporation and the individual defendant which reads, (with minor variations between the two versions) : "[T]he matter of furnishing a director with copies of audit reports, financial statements, books and records is committed entirely to the discretion of the Board of Directors of the corpora-

tion and \* \* \* the exercise of that discretion cannot be compelled by mandamus." In interpreting this portion of their answers, the defendants say that "the theory of the defendants is that the Board of Directors must, in exercising its discretion, be treated as having considered the past conduct of the plaintiff and his open and avowed plan for the corporation" and that factual issues concerning plaintiff's good or bad faith and proper or improper purposes were thus injected into the case.

We do not agree. The quoted portion of the defendants' answers not only fails to mention any facts bearing on the plaintiff's purposes or motives, past actions or future plans, but it also fails to allege that the board of directors knew any of these facts or even that the board actually did decide to keep the reports from the plaintiff. Only after the case was decided against them by the Appellate Court did the defendants attempt to raise, by petition for rehearing, the factual issues that they now rely upon.

The defendants also contend that even though their answers raised no factual issues, still the Appellate Court's failure to remand for further proceedings was an unconstitutional exercise of original jurisdiction because it deprived the trial court of an opportunity to consider whether it should exercise its discretionary power to withhold the writ. It is true that *mandamus* is not a writ of right and that a trial court may, in the exercise of its sound discretion, refuse the writ because of unfavorable consequences which may result from issuing it, even when the petitioner has shown a clear legal right for which *mandamus* is the proper remedy. (See, *e.g., People ex rel. Harrison* v. *Kelly,* 391 Ill. 136.) However, the power to refuse the writ cannot be exercised in a vacuum; the pleadings and the proof must present facts which appeal to the court's discretion. (See *People ex rel. Stoffel* v. *Town of Cicero,* 404 Ill. 432.) Here the defendants pleaded no facts which might be cause for withholding the writ. Only a legal issue

was presented and, therefore, the Appellate Court acted within its authority in disposing of the case without providing for a further hearing in the trial court. *Lind* v. *Spannuth,* 9 Ill.2d 311.

We conclude that no constitutional issue arose in the Appellate Court and that we therefore have no jurisdiction of this appeal.

*Appeal dismissed.*