R. H. THOMAS *et al.*, Plaintiffs-Appellees, v. THE VILLAGE OF WEST-CHESTER *et al.*, Defendants-Appellants.

First District (3rd Division) No. 83—0297

Opinion filed March 29, 1985.

E. F. McDonnell, Jr., Bruno W. Tabis, Jr., and Diane M. Curtis, all of Chicago, for appellants.

Morton Abt, Bertram D. Meyers, and C. Gus Kages, all of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, R. H. Thomas, Edward Twarog, Steven Dorner, Henry Cipriani and Richard R. Davis, obtained, on their motion for summary judgment, a writ of *mandamus* ordering defendants, the village of Westchester (the village) and the board of local improvements of the village, "to proceed to take all necessary steps for carrying into effect a special assessment for the installation \*\*\*" of various improvements to plaintiffs' property. Defendants appeal the court's October 14, 1982, order striking their answer, striking their answer to plaintiffs' request to admit and granting plaintiffs' motion for summary judgment, and the court's subsequent order denying their motion to vacate the October 14, 1982, order. We reverse and remand.

According to the allegations of the complaint, in July 1976 plaintiffs and others totalling about 70% of the owners of property located in the approximately 600-lot basically undeveloped and unimproved Wolf Road subdivision in Westchester filed petitions with the village requesting a special assessment for the construction of streets, curbs, sidewalks, sewers, water lines, street lights and fire hydrants. On November 10, 1981, after more than five years of alleged inaction by defendants, plaintiffs filed their amended complaint for a writ of *mandamus* ordering defendant to proceed in the preparation of plans, specifications, cost estimates and an ordinance for the improvements. On November 30, 1981, plaintiffs filed a request to admit pursuant to Supreme Court Rule 216. On February 5, 1982, plaintiffs moved for summary judgment on the ground that defendants did not respond to the amended complaint or the request to admit, that certain facts therefore stood admitted and no question of fact remained.

On February 19, 1982, defendants answered the amended complaint and pleaded as their affirmative defenses to the *mandamus* action that the relief requested "would be injurious to third parties, impossible to grant, or a useless act" essentially because the improvements would be cost-prohibitive and would result in nonpayment of the assessments. On March 5, 1982, defendants answered plaintiffs' request to admit and responded to plaintiffs' motion for summary judgment. Defendants asserted that they received leave to file their verified answer, which includes affirmative defenses which raise

substantial issues of fact, that plaintiffs filed no affidavits in support of their motion for summary judgment and that all but one paragraph in the amended complaint are unverified. Defendants also asserted that the request to admit should not be considered admitted for failure to answer because (1) defendants never received the request to admit, (2) plaintiffs failed to make a personal consultation or reasonable attempt to resolve differences and their motion fails to contain a statement to that effect as required by Supreme Court Rule 201(k), (3) defendants have filed their answers to the request, which contain some admissions, but also assert an inability to admit certain facts that are in dispute, and (4) the request to admit is overly broad.

Plaintiffs moved to strike defendants' answer; specifically, the affirmative defenses and defendants' answer to plaintiffs' request to admit. From February to October 1982, the court held many hearings regarding the case, encouraged the parties to settle and ordered continuances while the village considered the cost of conducting and then later conducted a feasibility study. The parties' engineers disagreed on methodology, and the cost basis developed by plaintiffs' engineers was 50% of what the village's feasibility study showed. On October 14, 1982, the court granted both plaintiffs' motions to strike and their motion for summary judgment.

Defendants filed a motion for rehearing and to vacate judgment. The motion was supported by affidavits indicating that the cost of improvements would be $23,000 per lot, that the value of a fully improved vacant lot would not exceed $30,000, and that the special assessment bonds would cost between $125,000 and $225,000 to put out and would not be saleable. Plaintiffs responded to defendants' motion for rehearing and to vacate judgment with affidavits indicating that the cost of the improvements would be $15,000 per lot and that the value of a fully improved vacant lot would be at least $35,000. The court denied defendants' motion to vacate the judgment of October 14, 1982, and the court subsequently stayed enforcement of the judgment pending appeal.

■ Defendants argue that the court erred in striking their answer, in striking their answer to plaintiffs' request to admit and in granting summary judgment in favor of plaintiffs. Defendants' contention that the court erred in striking their response to plaintiffs' request to admit underlies their contention that summary judgment was erroneous since the summary judgment was based upon facts deemed admitted by virtue of defendants' failure to respond in time. Thus, we first consider whether the court erred in striking defendants' response to plaintiffs' request to admit.

Defendants advance several arguments in support of their contention that the court erred in striking their response to plaintiffs' request to admit. Some of the arguments go to the propriety of the request to admit itself. Since defendants filed a response to the request to admit which, if it had not been stricken, arguably raises a question of fact as to plaintiffs' right to *mandamus*, we will not consider those arguments which go to the propriety of the request to admit, but rather, only those arguments which go to the propriety of accepting defendants' late response.

Supreme Court Rule 216 provides that facts requested to be admitted are admitted unless the party responds within 28 days after service of the request to admit. (87 Ill. 2d R. 216.) However, the application of Rule 216 is not automatic. The trial court has wide discretion with regard to requests to admit and may allow a late filing in order to prevent injustice. (See *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580, 585.) Thus, late responses to requests to admit may be allowed where the failure to respond within the time provided is the result of circumstances beyond the control of the litigant, such as the death or severe disability of counsel (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 678, 382 N.E.2d 95, 102), or where the facts sought to be admitted concern the central issue of the case and the requesting party is unable to show prejudice as the result of the late filing (see *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580, 584-85). In *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382, the court upheld the trial court's allowance of the filing of a late response where the party requested to admit facts was in the process of changing attorneys when the request was filed, the most significant requested admission involved a fact question central to the dispute and the requesting party failed to demonstrate significant prejudice resulting from the delay.

■ Here, the facts sought to be admitted were central to the lawsuit. Plaintiffs acknowledge that the facts which were admitted as a result of defendants' failure to respond in time were the basis for the summary judgment in favor of plaintiffs. It was only on the basis of the facts so admitted, in particular, that 70% of the total landowners in the subdivision had petitioned the village for the special assessment, that plaintiffs were able to establish their clear legal right to *mandamus*. In addition, we do not believe that plaintiffs demonstrated significant prejudice resulting from the delay. Most important, defendants assert that they did not receive plaintiffs' request to admit until they received plaintiffs' motion for summary judgment to which the request

was attached. While defendants' assertion is not supported by affidavit, it is supported by the fact, as indicated by names and addresses appearing on papers in the record, that the firm name and address of defendants' attorneys changed during the course of the litigation and the fact that there is no proper proof that the request to admit was served on defendants' attorneys. Supreme Court Rule 12(b)(3) provides that service by mail is proved by "*** certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." (87 Ill. 2d R. 12(b)(3).) While slight defects in the proof of service which result in its nonconformance with Supreme Court Rule 12(b)(3) seldom constitute reversible error (see *Curtis v. Pekin Insurance Co.* (1982), 105 Ill. App. 3d 561, 566, 434 N.E.2d 555, 559), they may be viewed as factors in a case (*Kimbrough v. Sullivan* (1971), 131 Ill. App. 2d 313, 317, 266 N.E.2d 717, 720). Here, the proof of service attached to plaintiffs' request to admit indicates that the affiant mailed the request to defendants' attorneys, but does not indicate the complete address which appeared on the envelope. Under the circumstances, we conclude that the court erred in striking defendants' answer to plaintiffs' request to admit.

Having concluded that the court erred in striking defendants' answer to plaintiffs' request to admit, the facts deemed admitted by defendants' failure to respond in time are no longer deemed admitted. Under the circumstances, we can only conclude that the court erred in granting summary judgment in favor of plaintiffs.

The statute under which plaintiffs seek *mandamus* requires that the board of local improvements act "[w]henever the owners of one-half of the property abutting on any street, alley, park, or public place, or portion thereof, petition for any local improvement thereon ***." (See Ill. Rev. Stat. 1975, ch. 24, par. 9—2—40.) In their request to admit, plaintiffs stated that 70% of the total landowners in the subdivision had filed their petitions with the village. In their answer to plaintiffs' request to admit, defendants admitted that petitions were filed but stated that they have no independent knowledge of who holds title to the real estate and therefore could neither admit nor deny that the petitions were filed by 70% of the landowners. Plaintiffs did not verify their allegations as to ownership or support their allegations with affidavits. Thus, we believe that defendants' response to the request sets forth a genuine issue as to the material fact of the requisite petitions, thereby rendering summary judgment inappropriate.

Defendants also argue that the court erred in granting plain-

tiffs' motion to strike their answer, thereby denying defendants an opportunity to prove their affirmative defenses. We agree.

*Mandamus* is an extraordinary remedy which is appropriate only where there is a clear right to the requested relief, a clear duty on the part of the defendant to act and clear authority in the defendant to comply with the terms of the writ. (See *In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78, 81.) In *mandamus* cases, the burden is on the plaintiff to show that he has a clear legal right to the writ. (*People ex rel. Sanitary District v. Schlaeger* (1945), 391 Ill. 314, 331, 63 N.E.2d 382, 391.) A complaint for a writ of *mandamus* must set forth every material fact necessary to demonstrate the plaintiff's clear right to the writ. (See *Anderson v. Board of Education* (1945), 390 Ill. 412, 435, 61 N.E.2d 562, 572.) However, the presence of the legal right to a writ of *mandamus* does not necessarily furnish a basis for its issuance. (See *People ex rel. Harrison v. Kelly* (1945), 391 Ill. 136, 138, 62 N.E.2d 705, 706.) In addition, while *mandamus* is an action at law, courts apply equitable principles in deciding whether a plaintiff has shown a clear right to such an extraordinary remedy (*People ex rel. Harty v. Gulley* (1954), 2 Ill. App. 2d 321, 329, 119 N.E.2d 540, 544), and issue writs of *mandamus* within their discretion according to what seems necessary and proper to achieve a just result (*Senn Park Nursing Center v. Miller* (1983), 118 Ill. App. 3d 504, 516, 455 N.E.2d 153, 162, *aff'd* (1984), 104 Ill. 2d 169, 470 N.E.2d 1029). In the exercise of its discretion, the court looks to existing facts and views the whole case with due regard to the consequences of its action. (*People ex rel. Harrison v. Kelly* (1945), 391 Ill. 136, 138, 62 N.E.2d 705, 706.) Thus, a court may refuse the writ of *mandamus* because of serious or unfavorable consequences which may result from issuing it. *Raclin v. Village of Winnetka* (1938), 369 Ill. 532, 537, 17 N.E.2d 324, 326; *Kunin v. Forman Realty Corp.* (1959), 17 Ill. 2d 543, 546, 162 N.E.2d 401, 403.

■ Here, plaintiffs sought village action with regard to a special assessment for local improvements pursuant to section 9—2—40 of the Illinois Municipal Code. (Ill. Rev. Stat. 1975, ch. 24, par. 9—2—40.)[1] In their complaint, plaintiffs alleged that they had complied with

---

[1]In their amended complaint, plaintiffs set forth pertinent language from section 9—3—3 of the Illinois Municipal Code and alleged that they had complied with "all the necessary provisions of all pertinent statutes ***." Defendants subsequently pointed out that section 9—2—40, not section 9—3—3, applies to municipalities such as Westchester which have created a board of local improvements. The trial court's order stated that "[p]laintiffs have met all conditions precedent to entitlement to relief under section 9—2—40 ***."

all the necessary provisions of all pertinent ordinances. Assuming this bare allegation was sufficient to establish plaintiffs' clear legal right to the requested relief, defendants should have been given the opportunity to demonstrate the consequences of issuing the writ of *mandamus* so that the court could exercise its discretion in light of the existing facts, with a view of the whole case. We believe that by striking defendants' answer, the court denied defendants the opportunity to demonstrate the consequences of issuing the writ of *mandamus*. Therefore, we conclude that the court erred in striking defendants' answer.

Accordingly, the judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WHITE, P.J., and McNAMARA, J., concur.