THE PEOPLE *ex rel.* JAMES J. RYAN, Plaintiff-Appellee, v. THE RETIREMENT BOARD OF THE FIREMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO *et al.*, Defendants-Appellants.

First District (4th Division)   No. 84—3092

Opinion filed September 26, 1985.

Berman, Fagel, Haber, Maragos & Abrams, of Chicago (Maynard B. Russell, Alvin D. Meyers, and Steven J. Teplinsky, of counsel), for appellants.

Ambrose & Cushing, P.C., of Chicago (Christian A. Carini, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, James J. Ryan, entered into service as a fireman with the Chicago fire department on April 16, 1959, and later resigned from service on August 16, 1977. As a result of his resignation, Ryan received a refund of $22,488.22 from the defendant, Retirement Board of the Firemen's Annuity and Benefit Fund of Chicago (board), representing his previous contributions to the fund. (Ill. Rev. Stat. 1983, ch. 108½, par. 6—158.) One year later, Ryan reentered service in the Chicago fire department. On October 22, 1982, he was injured while on duty and was granted duty disability benefits. (Ill. Rev. Stat. 1983, ch. 108½, par. 6—151.) Ryan received monthly benefits beginning in October 1983 until April 1984, when the board, upon realizing that Ryan had not repaid the $22,488.22 refund, stopped disability payments and directed Ryan to repay the refund in full before any additional benefits would be made.

Ryan filed a complaint for writ of *mandamus* in the circuit court of Cook County to compel the board to make disability payments to him. The board filed an answer and alleged an affirmative defense under section 6—159 of the Pension Code (Ill. Rev. Stat. 1983, ch. 108½, par. 6—159), claiming that Ryan was not entitled to disability benefits until he had repaid the refund made to him upon his retirement in 1977.

The court granted the writ and ordered the board to resume disability payments to Ryan. The court found, however, that Ryan owed the board $22,488.22 as repayment for the refund he received upon his retirement. To repay the refund, by agreement of Ryan, the court directed the board to pay Ryan the amount of the past monthly payments the board withheld, totalling $19,666.50, but held that the

board could retain $10,000 as payment towards the repayment of the refund. As to future monthly disability payments, the court ruled that the board could deduct $400 per month from Ryan's $2,806 monthly disability payment and apply it to the refund Ryan owed.

The board argues that the issuance of the writ was erroneous as Ryan has failed to establish that he has a clear right to receive duty disability benefits. Specifically, the board asserts that Ryan has not shown that he has complied with the mandatory requirement of section 6—159 that repayment of a refund of pension benefits must be made prior to the receipt of duty disability benefits. Ryan responds that the issuance of the writ was a proper exercise of the trial court's discretion to achieve a just result.

Section 6—159 provides:

"Sec. 6—159—Refund—Re-entry into service—Repayment of refund. A fireman who receives a refund, and who subsequently re-enters the service, shall not thereafter receive, nor shall his widow or parent or parents receive, any annuity, benefit or pension under this Article unless he or his widow, or parent or parents repays the refund, with interest at the applicable rate from the date the refund was received to the date such amount is repaid."

■ A writ of *mandamus* is a remedy at law to command a public official to perform some ministerial, nondiscretionary duty in which the party seeking such relief has established a clear right to have it performed and a corresponding duty on the part of the official to act. (*In re Claudia K.* (1982), 91 Ill. 2d 469, 476, 440 N.E.2d 78; 7A Nichols, Illinois Civil Practice sec. 7464, at 247-48 (rev. ed. 1982).) There is no absolute right to a writ of *mandamus*, and it is true, as Ryan points out, that it will be granted only in the sound discretion of the trial court. For example, its issuance will be denied in those instances where it is apparent that it will create public confusion or inconvenience and would not promote substantial justice. (7A Nichols, Illinois Civil Practice sec. 7464, at 248 (rev. ed. 1982); *Hill v. Butler* (1982), 107 Ill. App. 3d 721, 727, 437 N.E.2d 1307.) However, what Ryan fails to recognize is that before that discretion can be exercised, Ryan must first establish a clear right to the writ and this he has failed to do.

■ Section 6—159 of the Pension Code mandatorily requires that a fireman who receives a refund and who subsequently re-enters the service "shall not" receive pension benefits "unless" he has repaid the refund in full and with interest. The employment of the word "shall" generally indicates a mandatory directive, particularly where

the word is used with reference to a right or benefit whose receipt depends upon giving the word "shall" a mandatory construction. (*Andrews v. Foxworthy* (1978), 71 Ill. 2d 13, 21, 373 N.E.2d 1332; 1A Sutherland, Statutory Construction sec. 25.04, at 446 (4th ed. rev. 1985).) Under the statute, Ryan could not establish a clear right to the payment of pension benefits until the refund had been repaid. Consequently, the writ of *mandamus* should not have been issued against the board.

■ However, even if we were to construe section 6—159 as merely directory, the issuance of the writ was still improper. *Mandamus* is used only to compel performance of a ministerial duty of an office. Unlike an equitable form of relief such as an injunction, *mandamus* will not be used to control or review a general course of conduct. (*People v. Schyve* (1983), 112 Ill. App. 3d 777, 782, 445 N.E.2d 1260, *aff'd* (1984), 101 Ill. 2d 355, 462 N.E.2d 468; 7A Nichols, Illinois Civil Practice sec. 7464, at 249; Dobbs, Remedies sec. 2.10, at 112 (1973).) In the instant case, the court, in setting forth the conditions for repayment of the previous refund, went beyond directing the board to perform its ministerial duty. The court's order went so far as to prescribe the exact steps that the board must take to execute this duty. The court did not possess the authority through the use of a writ of *mandamus* to direct the manner in which its duty should be carried out. *People v. Schyve* (1983), 112 Ill. App. 3d 777, 782, 445 N.E.2d 1260.

For the foregoing reasons, the judgment of the trial court is reversed.

Reversed.

JOHNSON and McMORROW, JJ., concur.