THOMAS L. SIMS *et al.*, Plaintiffs-Appellants, v. THE CITY OF ALTON, Defendant-Appellee.

Fifth District No. 5—87—0441

Opinion filed July 26, 1988.

Amiel Cueto and Thomas M. Daley, both of Cueto, Daley, Williams, Moore & Cueto, Ltd., of Belleville, for appellants.

G. Edward Moorman, of Williamson, Webster, Groshong, Moorman & Falb, of Alton, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

Plaintiffs Thomas and Lanita Sims appeal an order of the circuit court in which the circuit court denied their motion to admit facts, a result of which defendant, the City of Alton, received a directed verdict. Plaintiffs' amended complaint sought damages from defendant for a negligence action. Plaintiffs alleged that defendant failed to keep a sidewalk in a safe and reasonable condition, and that because of defendant's failure, Thomas Sims fell and received a blow to his head that subsequently caused him to have two strokes that paralyzed him physically and left him mentally diminished. While plaintiffs' contention in their brief is that the circuit court erred in not granting their motion to admit facts, the main thrust of their argument is that the circuit court erred in allowing defendant to file a late response to plaintiffs' request to admit facts. Therefore, we will confine our decision to this argument. Before considering plaintiffs' argument, a

statement of facts provides the necessary background.

On March 12, 1984, plaintiff Thomas Sims had walked up a sidewalk, approximately 30 feet in length, to enter a Firestone store. It had snowed that day and was still snowing when plaintiff approached the front door of the Firestone store. There were approximately two to three inches of snow on the sidewalk. As he reached the front door, his left foot, upon which his weight rested, slid and he fell onto the left side of his back and hit the right side of the back of his head on the concrete. He got up and went inside the store, got his car which he had left there that morning, and drove home. An hour or so later, he developed a headache, so he took some aspirin and went to bed. His headache persisted throughout the next day but he did not seek medical treatment. On March 14, 1984, plaintiff Thomas Sims suffered a slight stroke. He went into the hospital and underwent testing and while he was in the hospital, on March 16, 1984, he suffered a second, debilitating stroke.

On June 7, 1984, plaintiffs filed a petition for damages for personal injury alleging that the Firestone store was negligent for keeping its sidewalk in a dangerous and unsafe condition and alleging that the City of Alton was also negligent, and that this negligence was the proximate cause of plaintiff Thomas Sims' injuries. Two other counts alleged that, due to Firestone's or to the City of Alton's negligence, plaintiff Lanita Sims had lost the care, support and consortium of her husband. From the time of the filing of this complaint, considerable discovery was had in the nature of requests for production of documents and of written interrogatories. Additionally, numerous depositions were taken. On February 13, 1987, plaintiffs filed three documents with the circuit court: supplemental interrogatories, a supplemental motion to produce, and a request to admit facts. These three documents were file stamped by the clerk of the circuit court on February 13, 1987, but no proof of service of process accompanied these documents. However, on February 20, 1987, plaintiffs filed an affidavit of Robert Romanik in the circuit court. It does not appear from the record that defendant received a copy of Romanik's affidavit. In his affidavit Romanik stated under oath that he had personally served defendant's attorney with the three documents. Defendant filed an answer to the supplemental interrogatories on March 11, 1987, but failed to respond to plaintiffs' request to admit facts within the 28-day time limit stated in Supreme Court Rule 216(c) (107 Ill. 2d R. 216(c)).

Plaintiffs' petition for damages came on for trial on April 20, 1987, and at that time, prior to *voir dire* and opening statements,

plaintiffs advised the circuit court that they intended to make oral motions that the facts admitted by defendant by its failure to respond to their request to admit facts be admitted and that a directed verdict be entered in favor of plaintiffs as to defendant's liability. The plaintiffs stated that they were prepared to present evidence on the issue of damages. Defendant's attorney asserted that he had never seen the request to admit facts until that date when plaintiffs presented their motions to admit facts and for a directed verdict. After hearing the testimony of the special process server who delivered the documents to defendant's attorney, the circuit court reserved ruling on plaintiffs' motions until April 21, 1987, in order for the circuit court to review the cases presented and to give defendant an opportunity to respond to plaintiffs' motions.

On April 21, 1987, defendant filed a written motion for leave to file a late response to plaintiffs' request to admit facts and an answer to the request to admit facts. The reasons for this motion were that defendant was unaware of the plaintiffs' filing of the request to admit facts until April 20, 1987, that plaintiffs would suffer no prejudice as the result of the filing of defendant's late response, that the facts sought to be admitted by the plaintiffs were not facts but conclusions of law, and that the facts sought to be admitted concerned the central issues of the case. The circuit court allowed defendant's motion over plaintiffs' objections. The circuit court offered to continue the case so that plaintiffs could have additional time to prepare their evidence or to present evidence of prejudice to the plaintiffs, but the plaintiffs refused to accept the continuance. The plaintiffs presented evidence of plaintiff Thomas Sims' deteriorating condition. Defendant then moved that plaintiffs be granted a continuance for the purpose of obtaining proof but the plaintiffs objected to this motion and the circuit court denied defendant's motion. The plaintiffs then moved to have admitted the request to admit facts, which was objected to by the defendant and which the circuit court denied. Plaintiffs stated that they had no further evidence and rested their case. Defendant moved for a directed verdict which was granted. Plaintiffs filed a post-trial motion on May 8, 1987, but no order regarding plaintiffs' post-trial motion appears in the record. However, plaintiffs' notice of appeal was filed on May 19, 1987, which may explain why no order was entered on the post-trial motion.

On appeal, plaintiffs contend that Supreme Court Rule 216(c) mandates that if a party fails to respond to another party's request to admit facts within 28 days from the date of service, the facts must be deemed to be admitted. They further contend that the only circum-

stances in which the circuit court has discretion to permit the filing of a late response are when (1) a party's late response was the result of circumstances beyond the litigant's control, or (2) the facts sought to be admitted concerned the central issues of the case and the requesting party was unable to show prejudice to its case as a result of the late filing. Plaintiffs assert that the facts of this case do not meet either of these conditions. We do not agree with either of plaintiffs' contentions.

■ Supreme Court Rule 216(c) is not to be applied automatically whenever a party fails to timely respond to a request to admit facts, but a circuit court has wide discretion with regard to the requests to admit and may allow a late filing in order to prevent injustice. (*Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 477 N.E.2d 49.) Supreme Court Rule 183 provides a circuit court with the authority regarding the circuit court's discretion to permit the late filing of a response to a request to admit facts, as does the case law. (107 Ill. 2d R. 183; *Kismer v. Antonovich* (1986), 148 Ill. App. 3d 508, 499 N.E.2d 707; *Thomas v. Village of Westchester*, 132 Ill. App. 3d 190, 477 N.E.2d 49; *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 449 N.E.2d 990; *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382; *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 430 N.E.2d 580.) From these authorities it is clear that the circuit court did have the discretion to permit defendant to file a late response to plaintiffs' request to admit facts.

■ We next address plaintiffs' contention that the circuit court can only exercise its discretion to permit the filing of a late response in certain circumstances, *i.e.*, that the circuit court can only allow the late filing of a response to those circumstances where the late filing is due to circumstances beyond the control of the litigant or where the request to admit facts concerns the central issues of a case and the late filing of a response would not prejudice the party requesting the admission of the facts. Both *Kismer* and *Thomas* held that these are appropriate circumstances to allow a late response to a request to admit facts. Without conceding that these are the only circumstances which may give rise to the circuit court's authority to exercise its discretion and to allow a tardy response to be filed, we will confine our decision to the determination that the facts of this case do fall within the circumstances set forth in *Kismer* and *Thomas*. Here plaintiffs' request to admit facts went to the central issues of the case and the plaintiffs failed to show that the filing of defendant's late response prejudiced their case.

Plaintiffs' request to admit facts stated as follows:

"1. On March 12, 1984, the defendant was the owner of the sidewalk located between 502-512 East Broadway, Alton, Madison County, Illinois; said sidewalk being adjacent to the building presently occupied by the Firestone Fire [*sic*] and Rubber Company.

2. On March 12, 1984, the sidewalk was in a defective, dangerous condition; and that the danger was increased when snow and/or ice was on the sidewalk.

3. Before March 12, 1984, the defendant had actual knowledge and/or notice of the condition described in Paragraph 2.

4. On March 12, 1984, the plaintiff walked on the sidewalk described in Paragraph 1 which was in the condition described in Paragraph 2; and that the plaintiff was caused to fall because of the condition described in Paragraph 2; and that as a direct result of the fall, the plaintiff has suffered two strokes, brain damage, and permanent pain and disability."

This request clearly encompasses all the issues needed to. be proved by the plaintiffs in order to establish their claim for negligence; thus, it cannot be said that this request did not pertain to central issues of this case. This request for facts did not request defendant to concede to the admission of uncontroverted facts, but asked defendant to concede to plaintiffs' entire case. This is not the purpose of Supreme Court Rule 216(a) (107 Ill. 2d R. 216(a)). The purpose of Supreme Court Rule 216 is noted in the historical and practice notes found under this rule, where it is stated: "But the request to admit should be used to obviate the necessity of proof of facts as to which there is no real dispute, such as delivery of a deed or ownership of property. Using it to blanket the case and to cover matters that are fairly disputed is a waste of the time of counsel for both sides and the court." (Ill. Ann. Stat., ch. 110A, par. 216, Historical and Practice Notes, at 366 (Smith-Hurd 1985).) In defendant's answer to plaintiffs' request, defendant admitted that it was the owner of the sidewalk but all other "facts" stated by the plaintiffs in the request were thoroughly disputed. To permit a party to obtain admissions of conclusions of law, as plaintiffs attempt to in this case, would not be in conformance with the purpose of the statute.

■ Further, plaintiffs have not shown that the allowing of defendant to file a late response would prejudice them. The circuit court offered to allow plaintiffs a continuance so that plaintiffs would have a chance to obtain any evidence necessary to present their case, but plaintiffs declined this offer. Plaintiffs' contention that they were prejudiced was based on their claim that further depositions would be

needed as they were unfairly surprised by not being permitted to proceed on the admitted facts and that they had no evidence upon which to proceed. This appears to be an untenable claim as this case has been ongoing since 1984. Considerable discovery had been obtained in the three years this case was pending. Although at the time of trial plaintiff Thomas Sims was in poor health, the "facts" that plaintiffs relied on in the request to admit facts were facts that were essential elements of their complaint. Plaintiffs should have investigated and obtained the necessary evidence to support their claim at a much earlier date in order for plaintiffs to proceed. Additionally, the information needed by plaintiffs was of the type that was obtainable from sources other than the plaintiff Thomas Sims, *i.e.*, medical testimony and testimony of persons regarding the unsafe condition of the sidewalk at the time of the accident. We cannot determine that plaintiffs were prejudiced by the defendant's late filing of the answer to plaintiffs' request to admit facts.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

HARRISON, P.J., and CALVO, J., concur.