BEER BARN, INC., Plaintiff-Appellee, v. NEIL DILLARD *et al.*, as Commissioners of the Local Liquor Control Commission of the City of Carbondale, Defendants-Appellants.—SALUKI LIQUORS, INC., Plaintiff-Appellee, v. NEIL DILLARD *et al.*, as Commissioners of the Local Liquor Control Commission of the City of Carbondale, Defendants-Appellants.

Fifth District   No. 5—91—0063

Opinion filed April 14, 1992.

Michael L. Wepsiec, City Attorney, of Carbondale, for appellant Carbondale Liquor Control Commission.

Robert P. Schulhof, of Carbondale, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiffs, Beer Barn, Inc. (Beer Barn), and Saluki Liquors, Inc. (Saluki), applied for retail package-liquor licenses. The defendants denied the applications. Beer Barn and Saluki appealed to the Illinois Liquor Control Commission (State Commission), which reversed the defendants' decision and ordered the Local Liquor Control Commission (Local Commission) to issue a retail package-liquor license to each plaintiff. On September 7, 1990, the State Commission denied the defendants' petitions for rehearing. The defendants filed a complaint for administrative review in the circuit court, and the court dismissed the complaints for lack of standing. On appeal we affirmed the circuit court's decision, in an opinion filed concurrently with the instant opinion. *Carbondale Liquor Control Comm'n v. Illinois Liquor Control Comm'n* (1992), 227 Ill. App. 3d 71.

On September 11, 1990, the plaintiffs requested that the city clerk issue each of them a retail package-liquor license, and the city clerk denied their request. On September 13, 1990, the plaintiffs filed complaints seeking writs of *mandamus*. Motions for summary judgment were filed by the parties. The circuit court, in an order consolidating the cases for purposes of its decision, denied defendants' motion for summary judgment, granted the plaintiffs' motions for summary judgment and issued a writ of *mandamus* directing the Local Commission to issue the plaintiffs retail package-liquor licenses. Defendants appeal.

Defendants contend that the trial court improperly issued the writ of *mandamus* because there was a pending action between the parties which sought to adjudicate the correctness of the decision upon which the plaintiffs rested their right to *mandamus*. (See *Carbondale Liquor Control* (1992), 227 Ill. App. 3d 71.) It is undisputed that the *Carbondale Liquor Control* case was pending at the time the writs of *mandamus* were sought herein and involved the same parties and the same subject matter as this case.

■ *Mandamus* is not a writ of right but is awarded only in the exercise of sound judicial discretion in accord with legal principles. (*League of Women Voters v. County of Peoria* (1987), 121 Ill. 2d 236, 242, 520 N.E.2d 626, 629.) "A writ of *mandamus* is a remedy at law

to command a public official to perform some ministerial, *nondiscretionary* duty in which the party seeking such relief has established a *clear right* to have it performed and a corresponding duty on the part of the official to act." (Emphasis added.) (*People ex rel. Ryan v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1985), 136 Ill. App. 3d 818, 820, 483 N.E.2d 1037, 1039.) It would be improper to compel the defendants to issue the liquor licenses, when the authority of the Illinois Liquor Control Commission over the liquor licenses is currently on review in a superior tribunal, bringing its actions which are the subject of the writ into question. *People ex rel. Harrison v. Kelly* (1945), 391 Ill. 136, 140-41, 62 N.E.2d 705, 707.

■ The defendants argue that the trial court abused its discretion in granting the writ. They suggest that a potentially awkward situation could arise should the appellate court reverse the trial court dismissal order in the pending appeal contesting the State Commission's decision granting the liquor licenses. Defendants contend that on remand the trial court could decide that the State Commission erred in granting the retail package-liquor licenses. If it is ultimately determined that the applications for the liquor licenses were properly denied, issuance of the writ of *mandamus* directing the issuance of the licenses would be erroneous.

*Mandamus* will lie to compel performance of a duty which a plaintiff is entitled to have performed. (*Fischer v. Brombolich* (1991), 207 Ill. App. 3d 1053, 1063, 566 N.E.2d 785, 793.) Premature action by the trial court in granting the writ could compel the performance of a duty which the plaintiff is *not* entitled to have performed. Where it is apparent that issuance of the writ will create public confusion or inconvenience and will not promote substantial justice, the writ should be denied. (*Retirement Board*, 136 Ill. App. 3d at 820, 483 N.E.2d at 1039.) We conclude that given the circumstances of this case the trial court abused its discretion in granting the writ of *mandamus*.

For the foregoing reasons, the judgment of the circuit court of Jackson County is reversed.

Reversed.

GOLDENHERSH, P.J., and RARICK, J., concur.