LILLIAN J. PEASE, Admr. of the Estate of Richard F. Pease, Deceased, Plaintiff-Appellant, *v.* HERB JULIAN CAB COMPANY, INC. *et al.*, Defendants-Appellees.

(No. 55911;

First District—August 14, 1972.

Aram A. Hartunian, of Pressman & Hartunian, of Chicago, for appellant.

Foreman & Miller, of Chicago, (Ellis B. Rosenzweig, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Lillian J. Pease, administrator of the estate of Richard F. Pease, deceased (plaintiff) appeals from an order of the Circuit Court of Cook County denying her motion to vacate a previous order which granted the prayer of a petition by Herb Julian Cab Co., Inc., a corporation, and Herbert Julian, doing business as Herb Julian Cab Company (defendants) to vacate a default judgment entered in plaintiff's favor. She appeals simultaneously from another portion of the same order dismissing the suit for want of prosecution, with prejudice. A summary of the record is essential.

Plaintiff originally brought this suit as an action for wrongful death against a different taxicab company. Thereafter plaintiff filed an amended complaint against the present defendants. They appeared by their counsel and filed an answer. Defendants were insured by a casualty company which suspended operations and went into liquidation. Counsel of record for defendants, who had been furnished by this company, withdrew. As a result of mass withdrawals of counsel in many similar situations, the Circuit Court required notice of trial date to be served upon all litigants formerly represented by this same attorney.

The cause was thereafter duly assigned for trial. Counsel for plaintiff served the required trial notices by mail but these notices were misdirected and defendants asserted by petition and affidavit that no such notice had ever been received. On August 31, 1970, plaintiff presented her evidence *ex parte.* The court granted plaintiff judgment in the amount of $30,000, the maximum then permitted under the applicable

statute. (Ill. Rev. Stat. 1969, ch. 70, par. 2.) The order recited that due notice had been given "to the parties."

On December 3, 1970, defendants filed a petition and affidavit for vacation of the default judgment. (Ill. Rev. Stat. 1969, ch. 110, par. 72.) These documents set forth the facts with reference to misdirection of the notice to defendants. The petition alleged that defendants had no knowledge of the entry of said judgment until November 23, 1970. It is agreed that notice of this motion was personally served upon plaintiff's attorney of record and not upon plaintiff herself. Plaintiff accordingly filed a special and limited appearance for the sole purpose of contesting jurisdiction of the court. At the same time, her counsel filed a motion to strike defendants' petition on the ground that there had been no proper service upon plaintiff herself of notice of filing of the petition. This motion was supported by an affidavit of plaintiff's counsel setting forth personal service of the notice upon him rather than plaintiff. On December 3, 1970, the matter came on for hearing before the trial judge. He overruled plaintiff's special and limited appearance and the motion to dismiss the petition for lack of proper service and ordered that the default judgment of August 31, 1970, be vacated.

Some two weeks later an amended trial lawyer's appearance was filed by plaintiff's counsel in her behalf. The cause was assigned for trial in due course. Plaintiff made a motion to vacate the order of December 3, 1970, vacating the default judgment, on grounds of lack of jurisdiction and "* * * failure to perfect notice under rules 105 and 106 (Supreme Court Rules) * * *." This motion was denied; and, plaintiff not proceeding to trial, the cause was dismissed for want of prosecution with prejudice. On February 12, 1971, plaintiff filed a notice of appeal from this order.

The main contention made by plaintiff in this appeal is that the order of December 3, 1970, which vacated plaintiff's default judgment, was void for lack of jurisdiction over plaintiff. A subsidiary contention that the court erred in dismissing the cause for want of prosecution is predicated entirely upon the first argument.

Plaintiff urges that the statute provides that all parties to a petition to vacate orders or judgments more than 30 days after their entry "* * * shall be notified as provided by rule." (Ill. Rev. Stat. 1969, ch. 110, par. 72(2).) Plaintiff then cites Supreme Court Rule 106 which provides that the service of notice of the filing of such petitions "* * * shall be given by the same methods provided for the giving of notice of additional relief to parties in default." (Supreme Court Rule 106. 43 Ill.2d Rule 106.) Rule 105, which refers to the requirements for additional

relief against parties in default, provides for service upon the party personally in the manner of serving process and also for service "[b]y prepaid registered mail addressed to the party, return receipt requested, delivery limited to addressee only." (43 Ill.2d Rule 105(b) (2).) Defendants respond by reference to Rule 11 which provides that, "[i]f a party is represented by an attorney of record, service shall be made upon the attorney." 43 Ill.2d Rule 11(a).

We do not reach this issue for decision. This record shows that plaintiff first filed a special appearance to question the jurisdiction of the court. She then filed a motion to strike the petition to vacate the judgment for lack of proper service. Thereafter she filed an amended appearance of her trial lawyer. She then appeared in open court by her counsel on the day of trial and made a motion to vacate the order which had vacated her default judgment. No appeal was ever taken by plaintiff from the appealable order vacating her judgment which was entered on December 3, 1970. (Note Ill. Rev. Stat. 1969, ch. 110, par. 72(6).) All of these actions taken by plaintiff recognized the cause as being in court for purposes other than objection to the jurisdiction of the court over plaintiff's person. Therefore, all questions relating to jurisdiction over plaintiff's person are deemed waived.

This principle is carefully set forth in the opinion of this court in *Spencer v. American United Cab Assn.*, 59 Ill.App.2d 165, 208 N.E.2d 118. There, precisely as in the case at bar, a party urged that the court lacked jurisdiction to hear a petition filed under Section 72 of the Civil Practice Act because notice had been served upon his counsel and not upon him personally. This court expressly rejected that contention on the theory that jurisdiction of the person had been waived by the conduct of the party who sought to raise the issue. (Note 59 Ill.App.2d 165 at pages 169 and 170.) See also *Park Avenue Lumber v. Nils A. Hofverberg, Inc.*, 76 Ill.App.2d 334, 343, 222 N.E.2d 49, where this court applied the same theory in a case involving sufficiency of service by ordinary mail instead of registered mail.

■ ■ We, therefore, hold that plaintiff waived all issues of jurisdiction over her person by the trial court when it entered the order of December 3, 1970, vacating plaintiff's default judgment. We also hold that plaintiff may not raise in this court any issue regarding the sufficiency of defendants' petition to vacate the default judgment. The notice of appeal filed February 12, 1971, was not timely filed with reference to the order of December 3, 1970. The only ground raised and urged in defendant's oral motion to vacate the order vacating the default judgment was sufficiency of the service of notice and even this oral motion was not made until after the time for filing notice of appeal from the order granting the motion to

vacate the default judgment had expired. Supreme Court Rule 303(a), 43 Ill.2d Rule 303(a).

■■ As regards the merits of the order dismissing the cause for want of prosecution, the record merely shows that, after the cause had duly been assigned for trial, plaintiff appeared in open court by her counsel and then refused to proceed with the presentation of her case. Under these circumstances, the court had no alternative but to dismiss the cause for want of prosecution. The orders appealed from are affirmed.

Orders affirmed.

BURKE and LYONS, JJ., concur.