JAMES BULLOCK, Plaintiff-Appellant, *v.* JOHN R. ADAMS, Defendant-Appellee.

First District (3rd Division)    No. 80-2341

Opinion filed November 25, 1981.—Rehearing denied December 18, 1981.

Lance Haddix, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Michael R. Goldman, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, James Bullock, appeals from an order of the trial court dismissing with prejudice his complaint for money damages from defendant, Dr. John R. Adams. The complaint alleged that defendant, a psychiatrist, made an incorrect diagnosis of plaintiff and that as a result of wrongful communication of that diagnosis to plaintiff's employer, plaintiff was discharged from his employment.

On August 31, 1979, pursuant to Supreme Court Rule 216 (Ill. Rev. Stat. 1979, ch. 110A, par. 216), defendant filed a request of plaintiff to admit certain material facts. On November 9, 1979, plaintiff filed a response refusing to admit the statements contained in the request because the statements were over simplified and of a broad and general nature. Defendant thereafter moved to strike plaintiff's response and requested that the facts stand admitted because the response was not timely filed and failed to conform to the requirements of the rule. Plaintiff filed no response to this motion. On January 25, 1980, the court, in an order reciting that counsel had been heard, granted defendant's motion and ordered the facts stand admitted.

On May 2, 1980, plaintiff's counsel was granted leave to withdraw and the court ordered plaintiff to obtain new counsel or to appear *pro se* within 56 days. On August 5, 1980, the court conducted a hearing on defendant's motion to dismiss the complaint for plaintiff's failure to comply with the May 2 order. New counsel appeared for plaintiff, was allowed to file an appearance and was given time to file an amended complaint. Plaintiff then informed the court that he could not go forward with the case as long as the matters in the request stood admitted. The court replied that the case would go forward as it was or it would be dismissed. Upon the plaintiff's unwillingness to proceed wth the case in that posture, the court dismissed the action.

■■■ Plaintiff has appealed from the order of dismissal, but on appeal focuses upon the interlocutory order striking his response to the request to admit facts and ordering the facts to stand admitted. Yet, the interlocutory order was proper since Supreme Court Rule 216 requires that upon passage of 28 days without either a denial or objection from the opposing party, the facts contained in the request to admit automatically stand admitted. (*Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167.) In view of plaintiff's failure to comply with the rule, the interlocutory order that the facts stand admitted merely reflected the effect of the operation of the law. More importantly, the interlocutory

order did not require judgment for defendant nor was it the basis of judgment. Plaintiff sought no other relief, but simply refused to go ahead. In view of the unwillingness of plaintiff to proceed with the case, the trial court had no alternative but to dismiss the cause. See *Pease v. Herb Julian Cab Co.* (1972), 7 Ill. App. 3d 179, 287 N.E.2d 200.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P. J., and McGILLICUDDY, J., concur.