MARTHA K. KISMER, Plaintiff-Appellant, v. MICHAEL ANTONOVICH, Defendant-Appellee.

Fifth District No. 5—85—0410

Opinion filed October 23, 1986.

Leon G. Scroggins, of Granite City, for appellant.

Charlene E. Novick and Joseph L. Bauer, Jr., both of Carr, Korein, Schlichter & Brennan, of East St. Louis, for appellee.

JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals an order of the trial court that denied her motion to set aside a summary judgment for defendant. Plaintiff's amended complaint sought damages from defendant because of his alleged violation of an agreement with plaintiff regarding access across defendant's property for the purpose of constructing a swimming pool in plaintiff's back yard. At issue in the case is whether the trial court had discretion to permit the late filing of plaintiff's response to defendant's request for admission of facts, filed pursuant to Supreme Court Rule 216 (87 Ill. 2d R. 216). We hold that the trial court does have such discretion and accordingly reverse and remand for the purpose of exercising that discretion.

Plaintiff's amended complaint was filed on March 28, 1984, and defendant's amended answer thereto on October 19, 1984. The parties had engaged in considerable discovery during the period between the filing of the amended complaint and the amended answer. On August 28, 1984, the defendant filed a request for admission of facts pursuant

to Supreme Court Rule 216. No timely response was made within the 28 days provided by the rule. On November 8,1984,the defendant filed a motion for summary judgment supported by affidavits. The basis of the motion was that, since plaintiff had failed to respond in a timely manner to his request for admission of facts, those facts were admitted, as provided by Rule 216, and after such admission no genuine issue of material fact remained in the case.

On December 14, 1984, plaintiff filed her verified response to defendant's request for admission of facts as well as a response to defendant's motion for summary judgment. The reason assigned for the late filing of response was the attorney's work schedule. There was also an assertion that the late filing had not harmed the defendant.

The court granted summary judgment for the defendant, the judgment reciting: "Plaintiff's answers, denials and objections were not timely filed and therefore constitute admissions. The admissions leave no room for any substantial or material issue of fact." Plaintiff filed a motion to set aside the judgment, and defendant filed a response thereto. Following a hearing the court denied plaintiff's motion, the order reciting: "It is ordered that the court has no discretion concerning the late filing of response to admissions [*sic*] by the plaintiff."

Plaintiff contends that the trial court erred when it found that it had no discretion "concerning the dismissal of the cause of action upon the late filing of response to admissions by the plaintiff." This assertion by plaintiff is overly broad in directly linking the late filing of the response to the request for admissions under Rule 216 with the entry of summary judgment. Although the trial court did find that it lacked the discretion to permit plaintiff to make a late response to defendant's request for admissions, it did not enter the summary judgment as a sanction pursuant to Supreme Court Rule 219(c). Summary judgment was entered for the reason that, after the facts contained in defendant's request for admission were not timely controverted in a manner prescribed by Rule 216, no issues remained in the case and summary judgment was proper.

The real issue for our consideration, however, is whether the trial court possessed the discretion to permit plaintiff to file a response to defendant's request for admissions after the expiration of the 28 days specified in the rule.

Three cases decided in the Fifth District have concerned the consequences for an untimely response to a Rule 216 request for admissions, but not with regard to whether the court had discretion to permit a late response. Accordingly, the particular issue of such

discretion has never been addressed by this court. The three Fifth District cases are *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 299 N.E.2d 820, *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865, and *F. J. Pechman, Inc. v. Oldham* (1980), 86 Ill. App. 3d 1018, 408 N.E.2d 487. In the *Crum* case defendant's request for admission of facts and documents was never responded to at all by the third-party defendant to whom they had been addressed. At trial the third-party defendant simply denied that it had ever received the request and moved to deny all matters set forth in the request. This motion was allowed by the trial court, but that decision was reversed on appeal because of the prejudice that resulted to the defendant by being unprepared to prove that which it had the right, pursuant to Rule 216, to presume had already been admitted. In the *Chapman* case the defendant filed a response to plaintiff's request for admissions, but the response was late and otherwise did not conform to the formal requirements of Rule 216. Under those circumstances, the court held, it was proper to regard as admitted the facts recited in the plaintiff's request for admission. The pattern in the *Oldham* case was similar to that of *Chapman*. In none of these three cases was the question presented of whether the court could, in the exercise of discretion, permit a response to be made to a request to admit facts or the genuineness of documents filed pursuant to Rule 216 after the 28 days provided in the rule. As far as the issue under consideration is concerned, the reach of those cases is limited to the statement that, where a party fails to respond to a request for admission of facts or the genuineness of documents in the manner required in Rule 216(c), such facts, or the genuineness of such documents, may properly be regarded as admitted.

For authority regarding the discretion of a court to exercise discretion to permit the late filing of a response to a request to admit the truth of facts or the genuineness of documents filed pursuant to Supreme Court Rule 216, one need go no further than Supreme Court Rule 183 (87 Ill. 2d R. 183). It provides:

> "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

By its own terms Rule 183 is applicable to the 28-day time constraint for responses contained in Rule 216(c), and Rule 216 itself is not couched in such imperative terms as to exclude the applicability of Rule 183.

An extended discussion of the cases is unnecessary, for we regard the following from *Thomas v. Village of Westchester* (1985), 132 Ill. App. 3d 190, 194, 477 N.E.2d 49, 52-53, as a proper statement of the law:

"Supreme Court Rule 216 provides that facts requested to be admitted are admitted unless the party responds within 28 days after service of the request to admit. (87 Ill. 2d R. 216.) However, the application of Rule 216 is not automatic. The trial court has wide discretion with regard to requests to admit and may allow a late filing in order to prevent injustice. (See *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580, 585.) Thus, late responses to requests to admit may be allowed where the failure to respond within the time provided is the result of circumstances beyond the control of the litigant, such as the death or severe disability of counsel (*Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 678, 382 N.E.2d 95, 102), or where the facts sought to be admitted concern the central issue of the case and the requesting party is unable to show prejudice as the result of the late filing (see *Bluestein v. Upjohn Co.* (1981), 102 Ill. App. 3d 672, 677-78, 430 N.E.2d 580, 584-85). In *Daleanes v. Board of Education* (1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382, the court upheld the trial court's allowance of the filing of a late response where the party requested to admit facts was in the process of changing attorneys when the request was filed, the most significant requested admission involved a fact question central to the dispute and the requesting party failed to demonstrate significant prejudice resulting from the delay."

Also see *Homer G. Dickson & Co. v. Barraza* (1983), 115 Ill. App. 3d 5, 449 N.E.2d 990; *Illinois State Toll Highway Authority v. Ray Humphrey Estate* (1978), 62 Ill. App. 3d 316, 379 N.E.2d 626.

The court in *Redmond v. Central Community Hospital* (1978), 65 Ill. App. 3d 669, 678, 382 N.E.2d 95, 102, made an observation that "some courts have declined to relieve a tardy litigant from being bound by his failure to respond to a Rule 216 request within the 28 days provided." The court cites *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34, *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167, and *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 299 N.E.2d 820. We believe the *Redmond* court made an incorrect interpretation of the holdings of those cases on the issue under consideration. The extent of the holdings of those cases was that an untimely response to a Rule 216

request to admit would result in a ruling that the facts or documents involved would be deemed to be admitted to be true or genuine. The courts in those cases did not consider any issue of the trial court's discretion to permit a late response.

Having found that under the proper circumstances the trial court does possess the discretion to permit a late response to defendant's request to admit the truth of facts, we hereby reverse the summary judgment and remand the cause to the trial court for the purpose of exercising its discretion in the matter and for such further proceedings as may be necessary or proper.

Reversed and remanded.

KASSERMAN, P.J., and KARNS, J., concur.