MILDRED SMOOT, d/b/a Smoot Oil Company, Plaintiff-Appellant, v. HAROLD J. KNOTT, d/b/a H & K Trucking Service, Defendant-Appellee.

Fifth District   No. 5—89—0232

Opinion filed August 8, 1990.

Sara Nierste, of Ronald E. Osman & Associates, of Dongola, for appellant.

Charles C. Hines and Charles Cavaness, both of Carbondale, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Mildred Smoot filed her complaint on June 13, 1985, against Harold Knott, d/b/a H & K Trucking Service, alleging that Knott was indebted to Smoot in the amount of $19,740.95 for fuel purchased on open account from her. Smoot alleged that said fuel was furnished to Knott and that she performed all conditions to be performed on her part. On January 9, 1989, the court entered an order granting defendant's motion for summary judgment, and plaintiff appeals.

There were numerous pleadings filed in this case. Without detailing each pleading, we will discuss those which are necessary to our analysis of the issues.

Knott was served with plaintiff's complaint at his Arkansas resi-

dence. He had moved to Arkansas sometime prior to service of the complaint, and continued to reside in Arkansas until his death on July 30, 1987. Upon Knott's death, representatives of his estate were substituted as party-defendant in this cause of action, but we will refer to the defendant as Harold Knott (Knott) throughout.

Knott filed a special and limited appearance on July 26, 1985, contesting service and jurisdiction over him, but the court denied his motion. Knott answered Smoot's complaint, denying that he does business as H & K Trucking Service, that he had an open account with Smoot, or that he owed the money claimed due. Knott's answer to the complaint neither admitted nor denied the allegations that Smoot furnished fuel as shown by an attached exhibit and performed all contractual duties that were required of her. On December 6, 1985, Smoot served a request to admit facts as to the following allegations: (1) that Smoot furnished gas, fuel oil and other products to Knott as shown by exhibit; (2) that Knott received the products in the amounts shown; and (3) that the credit shown reflects payments made by Knott on account.

Four months after serving defendant with the request to admit facts, plaintiff filed a motion for summary judgment arguing that since defendant had neither admitted nor denied her request to admit facts, the facts were deemed admitted, thereby resolving any issues of material fact, and thus entitling plaintiff to judgment as a matter of law. The court denied Smoot's motion for summary judgment on May 19, 1986, and gave Knott until June 6, 1986, to file pleadings. On June 13, 1986, plaintiff once again filed a motion for summary judgment, reiterating the allegations of the motion for summary judgment filed April 17, and noting that Knott had failed to comply with the court's order directing Knott to file pleadings by June 6, 1986. The court apparently denied plaintiff's second motion for summary judgment on July 23, 1986.

On August 7, 1986, Knott filed an amended answer and affirmative defense, raising for the first time the defense that he was not a sole proprietor, but that H & K Trucking was at all times since August 31, 1961, an Illinois corporation, and that Knott did not personally maintain an open account with Smoot. Smoot denied such allegations in her answer to this affirmative defense. On May 24, 1988, Smoot filed a third motion for summary judgment, alleging that Knott: (1) in his answer to the complaint neither admitted nor denied that Smoot furnished the fuel to him; (2) in his answer neither admitted nor denied that Smoot performed all conditions required to be performed; (3) neither objected to nor replied to Smoot's request to

admit; and (4) never complied with the court's order to compel discovery. No ruling was made by the court on plaintiff's third motion for summary judgment.

■ In September of 1988, Knott filed an answer to Smoot's request to admit and a certificate of compliance with Supreme Court Rule 214 (107 Ill. 2d R. 214). Knott also filed a motion for summary judgment and a motion for leave to file a second affirmative defense. Both motions were premised on section 13—205 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—205), which provides that actions on unwritten contracts "shall be commenced within 5 years next after the cause of action accrued." The court allowed defendant to file his second affirmative defense. In her answer to Knott's affirmative defense and objection to defendant's motion for summary judgment, Smoot acknowledged that her cause of action was not filed within five years after its accrual. However, plaintiff argued that Knott's absence from Illinois and nonresidency tolled the five-year statute of limitations. The trial court granted Knott's motion for summary judgment.

■ Turning first to Knott's motion for summary judgment, it was obviously based upon the facts set forth in Smoot's verified complaint. Both parties agree that the facts set forth in the complaint are, therefore, judicial admissions that may properly be considered for purposes of summary judgment. (See *Gowdy v. Richter* (1974), 20 Ill. App. 3d 514, 520, 314 N.E.2d 549, 554.) The facts are: (1) that between May 10, 1977, and June 30, 1978, Knott purchased fuel from Smoot on an open account; (2) that the last action taken on the account occurred June 6, 1979, when Smoot applied a credit to the account; and (3) that Smoot's verified complaint against Knott was filed June 13, 1985.

■ It is undisputed that over five years transpired between the time plaintiff filed her complaint and the time there was any activity on the account. Knott, relying on section 13—205 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—205), argued that plaintiff's cause of action was barred by the statute of limitations. Section 13—205 provides in pertinent part: "actions on unwritten contracts, expressed or implied *** shall be commenced within 5 years next after the cause of action accrued." Plaintiff has not disputed the applicability of the five-year statute of limitations, but has asserted that the statute of limitations was tolled by Knott's absence from Illinois, pursuant to section 13—208 of the Code of Civil Procedure:

"(a) If, when the cause of action accrues against a person,

he or she is out of the state, the action may be commenced within the times herein limited, after his or her coming into or return to the state; and if, after the cause of action accrues, he or she departs from and resides out of the state, the time of his or her absence is no part of the time limited for the commencement of the action.

(b) For purposes of subsection (a) of this Section, no person shall be considered to be out of the State or to have departed from the State or to reside outside of the State during any period when he or she is subject to the jurisdiction of the courts of this State ***." Ill. Rev. Stat. 1987, ch. 110, par. 13—208.

■ In response, Knott argues that section 13—208(b) precluded the tolling of Smoot's cause of action since Knott was subject to the jurisdiction of Illinois pursuant to the Illinois long-arm statute. (Ill. Rev. Stat. 1987, ch. 110, par. 2—209.) Smoot argues that she could not and did not obtain personal jurisdiction over Knott until Knott entered a general appearance. We are unpersuaded by Smoot's argument. Smoot was successful in bringing Knott within the jurisdiction of the courts of this State. Service of Smoot's complaint was made on Knott at his Arkansas residence. Knott filed a special and limited appearance contesting service of the complaint and jurisdiction over him. The court rejected Knott's contention, and it is clear that Knott was subject to personal service outside of Illinois. (Ill. Rev. Stat. 1987, ch. 110, par. 2—209(a)(1).) Under these circumstances, we find that Knott was not "out of state" so as to toll the statute of limitations. See *Higgenbottom v. Van Veiga* (1978), 59 Ill. App. 3d 189, 191, 375 N.E.2d 454, 456.

Smoot cites *Beckmire v. Ristokrat Clay Products Co.* (1976), 36 Ill. App. 3d 411, 343 N.E.2d 530, in support of her position. *Beckmire* is not controlling since it construed the predecessor to the present statute which did not contain the exception covering the situation where the defendant is subject to service under the long-arm statute.

■ ■ A motion for summary judgment may be granted when the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005; *Addison v. Whittenberg* (1988), 124 Ill. 2d 287, 294, 529 N.E.2d 552, 555.) When the evidence shows no material issue of fact has been raised, the moving party is entitled to judgment as a matter of law. (*Artis v.*

*Fibre Metal Products* (1983), 115 Ill. App. 3d 228, 231-32, 450 N.E.2d 756, 758.) All facts in the complaint were, as noted above, admitted as true. The only issue left for determination by the trial court was whether Knott's absence from Illinois tolled the statute of limitations. In view of our holding that the statute of limitations was not tolled in this case, the trial court ruled correctly on the summary judgment motion in favor of Knott.

Ordinarily our ruling on the above issue would conclude the case in favor of the defendant, but that is not true under the facts of this case. A serious problem arose in this case because of the delay between the filing of the plaintiff's motions for summary judgment and the court's ruling upon them. Almost three years elapsed between the time that the plaintiff filed its first motion for summary judgment based upon the defendant's failure to respond to its request to admit and the court's ruling upon the defendant's motion for summary judgment. While we are not by this opinion imposing a definite rule that trial courts must rule on pending motions in any certain order or within any certain time, the difficulties engendered by the delay in rulings in this case will become obvious.

In her motions for summary judgment Smoot among other things argued that pursuant to Supreme Court Rule 216 (107 Ill. 2d R. 216), Knott admitted the debt by failing to respond to Smoot's request to admit facts. Smoot's first request to admit, filed December 6, 1985, sought admission of the following:

"1. That plaintiff furnished gasoline, fuel oil, and other products to defendant in the amounts and on the dates shown by Exhibit A attached to plaintiff's complaint;

2. That defendant received gasoline, fuel oil, and other products in the amounts and on the dates shown by Exhibit A attached to plaintiff's complaint;

3. That the amounts of credit listed in Exhibit A of plaintiff's complaint accurately reflect payments made by defendant on account."

Knott did not respond to any of Smoot's requests for admission of facts until September 19, 1988, almost three years after they were first filed. In response to each of the purported facts, Knott objected on the grounds that it "is one of the issues of controversy in this cause." It was also at this time that Knott filed his motion for summary judgment based upon the statute of limitations. In her motions for summary judgment, and on appeal, Smoot contends that not only were Knott's objections untimely, but that the objections to each request were improper as not being in accord with the full disclosure

requirements of discovery.

The first question this court must address is whether the trial court had discretion to extend the time to respond to the request to admit facts. In addressing this question, we must note that the answer may well depend on the location of the case and when it was decided, or in the words of the Frank Sinatra classic, it may depend upon "Where or when."

Rule 216 provides:

> "(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless ***." (107 Ill. 2d R. 216(c).)

While this statement is seemingly straightforward, even the historical and practice notes which accompany it give different answers to the question of the trial court's discretion. Two quotes from these notes illustrate the problem:

> "Prior to 1956, the rule on admissions of facts (rule 18) penalized failure to respond to the request for admissions only by giving the court discretion to assess against the delinquent party the costs and expenses of proving the matter on which admission was sought. In 1956 the rule was rewritten to provide that the effect of ignoring the request to admit was that the matters contained therein automatically stood admitted." (Ill. Ann. Stat., ch. 110A, par. 216, Historical and Practice Notes, at 369 (Smith-Hurd 1985).)

> "The court has the power to allow the filing of requests even after the time period provided in rule 216 has passed without extension, pursuant to its general power to control discovery, Bluestein v. The Upjohn Company, 102 Ill. App. 3d 672, 430 N.E.2d 580, 58 Ill. Dec. 548 (1st Dist. 1981), although it would be most unwise for a litigant to rely on the court's willingness to exercise that power." (Ill. Ann. Stat., ch. 110A, par. 216, Historical and Practice Notes, at 367 (Smith-Hurd 1985).)

The first of these quotes suggests no discretion; the second suggests discretion under the court's general power to control discovery (though the second quote refers to "requests," it is now clear that "answers" to the request were what were considered (see Ill. Ann. Stat., ch. 110A, par. 216, Supplement to Historical and Practice Notes, at 98 (Smith-Hurd Supp. 1990)).

The committee comments to the 1985 amendment to Rule 216 provide:

"Subparagraph (e) was amended in 1985 to resolve an apparent conflict about whether admissions are carried over into subsequent cases between the same parties, involving the same subject matter, as are the fruits of other discovery activities (see Rule 212(d)). *Relief from prior admissions is available to the same extent in the subsequent action as in the case which was dismissed or remanded.*" (Emphasis added.) (Ill. Ann. Stat., ch. 110A, par. 216, Committee Comments, at 98 (Smith-Hurd Supp. 1990).)

The emphasized language may suggest either discretion or no discretion depending upon the interpretation the rule has received by the courts.

In 1958 the supreme court held in *City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34:

"We see no error in the entry of judgment on the pleadings. The only issues of fact raised by the answer were admitted by failure to deny or object to the requests for admission of facts provided for in Rule 18. Thus, all allegations of the complaint having been admitted, there were no remaining issues of fact." (*Roseman*, 15 Ill. 2d at 365, 155 N.E.2d at 36.)

Unfortunately for our purposes, *Roseman* does not indicate whether any relief from the automatic application of Rule 216 was sought in the trial court. The trial and appellate courts have been faced with such requests for relief and have reached widely diverging results, both among the districts and within the districts. A brief review of the cases, by district, and where applicable by division, follows.

FIRST DISTRICT

*Iversen v. Iversen* (1st Dist., 2d Div. 1960), 28 Ill. App. 2d 45, 169 N.E.2d 822, referred to *Roseman*, quoted the no-discretion portion of the historical and practice notes referred to earlier, and held that the facts should be considered admitted. While *Iverson* would apparently fall into the no-discretion camp, it should be pointed out that the trial court had granted the responding party two extensions of time to respond, and in spite of this fact, the party had never filed any response to the request to admit facts.

*Banks v. United Insurance Co. of America* (1st Dist., 3d Div. 1975), 28 Ill. App. 3d 60, 328 N.E.2d 167, a case often cited for the no-discretion position, certainly contains language to that effect: "Unless the party, to whom a notice to admit is directed, conforms his response to the framework provided by the Rule, '[e]ach of the matters of fact and the genuineness of each document of which ad-

mission is requested is admitted \*\*\*.' " (*Banks*, 28 Ill. App. 3d at 63, 328 N.E.2d at 170, quoting Ill. Rev. Stat. 1971, ch. 110A, par. 216(c).) It should be noted, however, that in *Banks* the plaintiff did not respond for five months, filed unsworn answers, and her answers failed to specifically deny or adequately explain her refusal to deny. *Banks* noted that each of the above reasons, by itself, required the requested facts to be deemed admitted.

*Banks* was relied upon in *Liepelt v. Norfolk & Western Ry. Co.* (1st Dist., 1st Div. 1978), 62 Ill. App. 3d 653, 378 N.E.2d 1232, *rev'd on other grounds* (1980), 444 U.S. 490, 62 L. Ed. 2d 689, 100 S. Ct. 755, which found the facts properly deemed admitted when the defendant railroad failed to set forth in detail the reasons it could neither admit nor deny basic measurements, weights, and braking distances upon which it had conducted tests, a position the appellate court found "incomprehensible." (*Liepelt*, 62 Ill. App. 3d at 667, 378 N.E.2d at 369.) *Liepelt* and *Banks* were both relied upon in *Roth v. Carlyle Real Estate Limited Partnership VII* (1st Dist., 2d Div. 1984), 129 Ill. App. 3d 433, 472 N.E.2d 836.

The first case in the first district to apparently break with the no-discretion rule was *Redmond v. Central Community Hospital* (1st Dist., 5th Div. 1978), 65 Ill. App. 3d 669, 382 N.E.2d 95, which reversed a summary judgment for the defendant which had been based on the facts deemed admitted by the plaintiff's late response. We use the word "apparently" because the following statement from *Redmond* is *dicta*:

> "While it is true that some courts have declined to relieve a tardy litigant from being bound by his failure to respond to a Rule 216 request within the 28 days provided (*City of Champaign v. Roseman* (1958), 15 Ill. 2d 363, 155 N.E.2d 34; *Banks v. United Insurance Co. of America* (1975), 28 Ill. App. 3d 60, 328 N.E.2d 167; *Crum v. Gulf Oil Corp.* (1973), 12 Ill. App. 3d 988, 299 N.E.2d 820), we believe that where the failure to respond within the time provided is the result of circumstances beyond the control of the litigant, such as the death or severe disability of counsel, the court could allow the filing of a late response under its inherent power to prevent injustice." (*Redmond*, 65 Ill. App. 3d at 678, 382 N.E.2d at 102.)

The basis of the court's ruling was that there was no objection to the late filing in the trial court.

Two 1981 cases from different divisions of the first district serve as well as any to illustrate the divergence of opinions. *Bullock v. Adams* (1st Dist., 3d Div. 1981), 102 Ill. App. 3d 379, 430 N.E.2d 534,

*cert. denied* (1982), 457 U.S. 1134, 73 L. Ed. 2d 1351, 102 S. Ct. 2961, cited *Banks* in holding that the facts were deemed admitted. While technically *Bullock* was dismissed because the plaintiff's new counsel refused to proceed with the case as long as the facts stood admitted, the underlying basis was the earlier ruling on the request to admit. In *Bluestein v. Upjohn Co.* (1st Dist., 4th Div. 1981), 102 Ill. App. 3d 672, 430 N.E.2d 580, decided less than a month after *Bullock*, the fourth division clearly broke with the no-discretion rule. In *Bluestein* the trial court allowed Upjohn to file responses approximately nine months after the request was served, but indicated that any fact to which the plaintiff could show prejudice would be deemed admitted. The plaintiff argued on appeal that (1) the trial court had no discretion to allow the filing of the late response, and (2) even if it did have such discretion, the plaintiff had shown prejudice by a late response because the treating doctor died in the nine-month interim. While acknowledging *Banks* and *Crum v. Gulf Oil Corp.* (5th Dist. 1973), 12 Ill. App. 3d 988, 299 N.E.2d 820, as authority for the no-discretion position, the fourth division held that requests to admit were a discovery tool and the trial court had wide discretion in allowing late responses, citing *Illinois State Toll Highway Authority v. Humphrey Estate* (2d Dist. 1978), 62 Ill. App. 3d 316, 379 N.E.2d 626, and that it could allow late filing to prevent injustice, citing *Redmond*. The court also held that no prejudice was shown even though the plaintiff's treating doctor had died in the intervening months.

The third division, the source of *Banks*, broke from the *Banks* ranks without mentioning *Banks* in *Thomas v. Village of Westchester* (1st Dist., 3d Div. 1985), 132 Ill. App. 3d 190, 477 N.E.2d 49. *Thomas* may have been decided on a technical basis:

> "Here, the proof of service attached to plaintiffs' request to admit indicates that the affiant mailed the request to defendants' attorneys, but does not indicate the complete address which appeared on the envelope. Under the circumstances, we conclude that the court erred in striking defendants' answer to plaintiffs' request to admit." (*Thomas*, 132 Ill. App. 3d at 195, 477 N.E.2d at 53.)

However, a discussion preceding the above quotation makes it clear that *Thomas* approves granting the trial court discretion under several sets of circumstances: (1) where the failure to timely respond is beyond the control of the litigant, such as death or severe disability of counsel, citing *Redmond*; (2)(a) in order to prevent manifest injustice, citing *Bluestein* or (b) where the facts concern the central issue

of the case and the requesting party is unable to show prejudice, citing *Bluestein*; or (3) where the elements of (2)(b) were combined with the fact that the party was in the process of changing attorneys when the request was filed, citing *Daleanes v. Board of Education of Benjamin Elementary School District 25* (2d Dist. 1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382.

Another first district case is *Magee v. Walbro, Inc.* (1st Dist., 1st Div. 1988), 171 Ill. App. 3d 774, 525 N.E.2d 975, which held that an oral response given approximately three months late and shortly before trial began was improper and that therefore the facts should have been deemed admitted. While *Magee* deemed the facts admitted under the circumstances of that case, the language of the opinion suggests that it recognizes discretion to extend the time:

> "The requested admissions *could* have been deemed admitted 28 days after their service, and *should* have been deemed admitted by the beginning of trial almost four months after service, when the responses were allowed." (Emphasis added.) *Magee*, 171 Ill. App. 3d at 780, 525 N.E.2d at 979.

The final first district case to be discussed is *Koca v. Gavin* (1st Dist., 6th Div. 1990), 199 Ill. App. 3d 665, which first distinguishes several cases that have recognized discretion, then states that the *Banks* line of cases is more persuasive, and concludes:

> "In the instant case, defendant has argued that he prepared for trial based upon the unanswered requests to admit, and because he had relied upon plaintiff's admissions, he did not present the testimony of an expert witness to counter the evidence presented by plaintiff's expert. Plaintiff has never filed a sworn statement, timely or otherwise, denying any of the facts asserted in defendant's request to admit. Moreover, plaintiff did not bring a motion asserting good cause for an extension of time to respond under Supreme Court Rule 183 (107 Ill. 2d R. 183). Consequently, the trial court should have granted defendant's motion to strike plaintiff's answers, *and it was an abuse of discretion* to allow the filing of an untimely and unsworn response." (Emphasis added.) *Koca*, 199 Ill. App. 3d at 672-73.

Perhaps a recap of the first district cases would be helpful before we travel south (and west) to examine the holdings in the other districts. It would appear that, at the present time, only the second division under the authority of *Iversen*, and possibly the sixth under *Koca*, still adhere to the no-discretion rule. *Magee* from the first division, *Thomas* from the third division, *Bluestein* from the fourth divi-

sion and *Redmond* from the fifth division all recognize some discretion, although differing bases for exercising that discretion may be applied depending upon the division involved.

If the state of the law on this point seems somewhat unclear in the first district, we can only report that, contrary to the Florida Chamber of Commerce statements, it doesn't necessarily clear up as one travels south.

SECOND DISTRICT

The trend in favor of discretion over nondiscretion in most of the more recent cases from the first district is mirrored in the decisions from the second district. *Illinois State Toll Highway Authority v. Humphrey Estate* (2d Dist. 1978), 62 Ill. App. 3d 316, 379 N.E.2d 626, recognized that Supreme Court Rule 216 is a discovery tool and ruled that the trial court should have wide discretion in controlling it. It should be noted, however, that *State Toll Highway Authority* involved a late filing of a request to admit and not a late response to a request. *Homer G. Dickson & Co. v. Barraza* (2d Dist. 1983), 115 Ill. App. 3d 5, 449 N.E.2d 990, held that the facts were properly deemed admitted when no response had been filed, but in doing so it certainly suggested that discretion existed by its statement that "the trial court did not abuse its discretion in treating the requested facts as admitted." *Dickson*, 115 Ill. App. 3d at 8, 449 N.E.2d at 992.

While there might be some question about the second district's position based on either *State Toll Highway* or *Dickson*, the slightly later case of *Daleanes v. Board of Education of Benjamin Elementary School District 25* (2d Dist. 1983), 120 Ill. App. 3d 505, 457 N.E.2d 1382, makes it clear that discretion is allowed. *Daleanes* relied upon Supreme Court Rule 183 (107 Ill. 2d R. 183) which empowers trial courts to extend any time limit created by the rules for good cause shown to approve a late response. The good cause shown in *Daleanes* was a change in attorneys during the time period involved. *Daleanes* also noted that the disputed fact was central to the dispute and that the requesting party was unable to show significant prejudice resulting from the delay.

The failure to show prejudice was apparently the most important factor in *Rybak v. Dressler* (2d Dist. 1988), 178 Ill. App. 3d 569, 532 N.E.2d 1375. In *Rybak* the defendant did not timely respond because the answers were misfiled in counsel's office. In fact, the responses were not filed until three months into the trial. Nevertheless, the court affirmed:

"It is clear from the record that the defendants' response to

Rybak's request for admission actually was prepared within the 28-day time period, although for reasons of 'misfiling' within counsel's office it was not filed with the court. Further, the record shows defendants responded immediately when the fact of the nonfiling was brought to their attention and no intent to obstruct the proceedings or prejudice Rybak is evident. *Rybak, in fact, does not suggest what prejudice she may have been caused by the late filing.* As such, the trial court did not abuse its discretion in refusing to apply the rule strictly against the defendants. This conclusion is also supported by the fact the documents Rybak sought to have automatically admitted as genuine were eminently central to the cause. The stated purpose of Supreme Court Rule 216 is to obviate the necessity of proof of facts as to which there is no real dispute. 'Using it to *** cover matters that are fairly disputed is a waste of the time of counsel for both sides and the court.' (Ill. Ann. Stat. ch. 110A, par. 216, Historical and Practice Notes, at 366 (Smith-Hurd 1985); *Simms,* 172 Ill. App. 3d at 699[, 526 N.E.2d 931].) Certainly the documents at issue here were 'fairly disputed.' " (Emphasis added.) *Rybak,* 178 Ill. App. 3d at 584-85, 532 N.E.2d at 1385.

THIRD DISTRICT

The smooth move through the divisions and districts recognizing discretion comes to an abrupt halt at the borders of the third district, which has consistently applied the rule of no-discretion. While some of the earlier third district cases apply the rule with little or no discussion of whether the trial court was asked for discretionary relief (*West Central Utilities Service Co. v. Central Illinois Public Service Co.* (3d Dist. 1976), 42 Ill. App. 3d 5, 355 N.E.2d 349; *People ex rel. Fahner v. American Buyers Club, Inc.* (3d Dist. 1983), 115 Ill. App. 3d 759, 450 N.E.2d 904; *Yohnka v. Darling Nells, Inc.* (3d Dist. 1985), 136 Ill. App. 3d 309, 483 N.E.2d 649), the same is not true of *Johannsen v. General Foods Corp.* (3d Dist. 1986), 146 Ill. App. 3d 296, 496 N.E.2d 544. In *Johannsen,* Justice Barry reviewed the cases by district and division and concluded that no discretion was the better rule. *Johannsen* also stated that inadvertence of counsel does not equal the "good cause" requirement of Supreme Court Rule 183 and that "[a] litigant moving to strike a faulty response is not required to prove prejudice before the facts requested are deemed admitted under the rule." *Johannsen,* 146 Ill. App. 3d at 301, 496 N.E.2d at 547.

While the position of the *Johannsen* court is clear, it may be tem-

pered somewhat by the facts of the case, which involved a responding attorney who was specifically cautioned at a pretrial conference of the outstanding request to admit, filed the responses late, and failed to have the responses sworn to by the party answering the request. In view of these factors, *Johannsen* concludes:

"Clearly, the trial court's ruling promotes the purpose of Rule 216, which is to narrow the triable issues and to limit the cost and length of litigation. On these facts, the trial court *did not abuse its discretion* in applying the rule as it did, granting plaintiff's motion to strike defendant's response and deeming the facts requested as admitted." (Emphasis added.) *Johannsen*, 146 Ill. App. 3d at 301, 496 N.E.2d at 547.

The only possible exception to the no-discretion position of the third district is found in *Sanders v. Sanders* (3d Dist. 1977), 55 Ill. App. 3d 248, 371 N.E.2d 121, which involved a custody dispute in which the mother failed to respond to the father's request to admit that she was not the mother of the minor child. *Sanders* refused to follow the no-discretion rule because the father's participation in the earlier divorce proceeding with its finding of maternity made his attempt to utilize the request to admit procedure border on fraud. The court ruled that the plaintiff had no duty to either answer or object to the request to admit because the *res judicata* effect of the prior proceeding precluded any resubmission of the issue of parentage.

FOURTH DISTRICT

The fourth district followed the rule of no-discretion in *Kothe v. Jefferson* (4th Dist. 1982), 109 Ill. App. 3d 247, 440 N.E.2d 415, *Colwell Systems, Inc. v. Henson* (4th Dist. 1983), 117 Ill. App. 3d 113, 115, 452 N.E.2d 889, 891, and *County of Champaign v. Hanks* (4th Dist. 1976), 41 Ill. App. 3d 679, 453 N.E.2d 405, although there is no discussion of whether the trial courts were asked to exercise discretion.

FIFTH DISTRICT

If the first district embodies the "Where" of the song, then the fifth district must embody the "When." Three earlier cases, *Crum v. Gulf Oil Corp.* (5th Dist. 1973), 12 Ill. App. 3d 988, 299 N.E.2d 820, *Chapman v. Foggy* (5th Dist. 1978), 59 Ill. App. 3d 552, 375 N.E.2d 865, and *F.J. Pechman, Inc. v. Oldham* (5th Dist. 1980), 86 Ill. App. 3d 1018, 408 N.E.2d 487 (all of which were referred to and relied upon in Justice Barry's review in *Johannsen*, and all of which granted no discretion), have not been followed by the two later cases

of *Kismer v. Antonovich* (5th Dist. 1986), 148 Ill. App. 3d 508, 499 N.E.2d 707, and *Sims v. City of Alton* (5th Dist. 1988), 172 Ill. App. 3d 694, 526 N.E.2d 931. It should be pointed out that in *Crum* the responding party filed no response at all until the case was in trial and that in *Chapman* the response was both late, unsworn, and in fact unsigned by anyone. In *Pechman*, however, the plaintiff's response was only nine days late, and on the following day the defendant filed a motion for summary judgment based upon the admissions occasioned by the late response. The trial court's allowance of the summary judgment was upheld, relying upon the no-discretion rule announced in *Banks*.

Six years later, however, *Kismer* distinguished the holdings in the above three cases on the basis that none of them specifically addressed the question of whether the trial court had discretion to permit a late response. In ruling that discretion existed, *Kismer* relied upon Supreme Court Rule 183:

> "For authority regarding the discretion of a court to exercise discretion to permit the late filing of a response to a request to admit the truth of facts or the genuineness of documents filed pursuant to Supreme Court Rule 216, one need go no further than Supreme Court Rule 183 (87 Ill. 2d R. 183). It provides:
>
> > 'The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time.'
>
> By its own terms Rule 183 is applicable to the 28-day time constraint for responses contained in Rule 216(c), and Rule 216 itself is not couched in such imperative terms as to exclude the applicability of Rule 183." *Kismer*, 148 Ill. App. 3d at 510, 499 N.E.2d at 708-09.

The final fifth district case, *Sims*, reiterated the discretion embodied in Supreme Court Rule 183 as a general basis for allowing a late response, but it also specifically held that a late response was permissible when the request went to the central issues of the case and the requesting party was unable to show the late response prejudiced its position.

A one-page review of the foregoing review may be in order at this time, and it reveals that:

FIRST DISTRICT

Split among divisions and within divisions over time with four of the six divisions recognizing discretion at the present time for a variety of reasons.

SECOND DISTRICT

Discretion is allowed.

THIRD DISTRICT

No discretion is allowed.

.FOURTH DISTRICT

No discretion is allowed.

FIFTH DISTRICT

Earlier cases held no discretion, but at the present time discretion is allowed.

Being fully aware of the divergence of the holdings in this area, we now turn to the question of what the proper rule should be.

■ We hold that granting the trial court discretion to allow late responses to requests to admit is the preferable rule, and we hold this primarily because Supreme Court Rule 216 is a discovery tool. The object of discovery in general is to enable the parties to determine the facts and to insure a just disposition of the case either through settlement or trial. Trial courts are given wide discretion and significant supervisory powers in order to enable them to properly monitor the broad discovery. allowed in our State. Interrogatories and depositions may be limited or extended depending upon the circumstances of the particular case. Granted, Supreme Court Rule 216 has a definite 28-day period for a response, but should not the overall search for the truth and a just result govern when determining the appropriate rule for all discovery tools?

We feel that this question must be answered affirmatively. Definite time limits are necessary in some instances, such as statutes of limitations or notice of appeal requirements, even though they may occasionally produce seemingly harsh results. This same need for certainty of time does not exist in most instances in discovery procedures. Although there is no indication that it happened in this case, we are not so far removed from the practice of law that we cannot recall receiving a two-inch stack of pleadings with crucial requests to admit buried in the middle of them. While the object of Supreme Court Rule 216 is to enable the parties and the court to limit the is-

sues and to reduce the production of unnecessary proof at trial, this should not change its essential nature from that of a tool to that of a weapon; fishers for truth should use their nets to seine for facts, not to strangle their opponents.

What then, should the nature of the inquiry be when a trial court is faced with the request to file a late response? Should it be any of the tests set forth in the above review or, turning only to the more recent fifth district cases, should it be the "good cause shown" test of Supreme Court Rule 183 relied upon by *Kismer* or the "no prejudice" standard of *Sims*?

We believe that all of the standards relied upon by the courts which have allowed discretion are contained within the two standards set forth in *Kismer* and *Sims*. For example, the "circumstances beyond the control of the litigant" mentioned in *Redmond* fits into the category of "good cause shown" under Supreme Court Rule 183 as does its "inherent power to prevent injustice" test. The other major consideration, the requesting party's inability to show prejudice, relied upon by *Bluestein* and *Daleanes*, is consistent with the same test utilized in *Sims*. The "central issue in the case" standard referred to in the last three cases is not really a separate test; it is only evidence of the importance of the contested fact to the parties and can be considered by the court in favor of or against either party in analyzing the problem under the two main tests.

The only refinement to *Kismer* and *Sims* which we make in our holding in this case is to suggest that the analysis should proceed in two steps.

The first inquiry should be, has the requesting party been prejudiced by the late response? This prejudice could occur for several reasons: the death of a witness in the intervening time, the destruction or loss of tangible items or documents, or the reliance upon the admission of the facts in further preparation of the case. If no prejudice to the requesting party is shown, the trial court should generally allow a late response. If the trial court allows the late response, it should also freely fashion appropriate relief to the requesting party in terms of attorney fees and costs incurred in the proof of the requested facts. (See 107 Ill. 2d Rules 201, 219.) In this way the interests of the responding party are protected by allowing the late response, and the interests of the requesting party are protected by the imposition of the appropriate costs and fees.

If, however, the requesting party shows prejudice as a result of the late response, the court should be most reluctant to grant relief to the responding party. It is at this point that the provisions of Su-

preme Court Rule 183 should be considered. Only for good cause shown should any relief be granted, and we agree to this extent with the second district; mere inadvertence of counsel does not equate with good cause shown.

We believe that this two-step inquiry, first, can the requesting party show prejudice as a result of the late response, and second, if so, can the responding party show good cause, is the appropriate method to analyze motions for leave to file late responses to requests to admit.

■ Applying this test to the facts of this case, we find that on the initial request to file a late response the trial court acted properly since no prejudice was shown. However, when the defendant raised the statute of limitations as a defense some three years after the case was filed, the court was faced with a situation in which the plaintiff was able to show prejudice as a result of the late response. If the requested facts had been deemed admitted prior to the raising of the statute of limitations defense, summary judgment for the plaintiff was clearly proper; there was nothing left to litigate. Therefore, the court should have examined the late response under the more stringent "good cause shown" requirements of Supreme Court Rule 183. No satisfactory reason was given for the late response. Therefore, the facts should have been deemed admitted and summary judgment for the plaintiff should have been entered.

In view of our disposition of this case with regard to the court's ruling on the plaintiff's request to admit, we need not address the other issues raised by the plaintiff. This case is reversed and remanded with instructions to the trial court to enter summary judgment for the plaintiff and against the defendant.

Reversed and remanded.

RARICK and WELCH, JJ., concur.